■ REESE ABRIGHT et al., Respondents, v HARRIS SHAPIRO et al., Doing Business as CARNEGIE MANAGEMENT Co., Appellants. — Order, Supreme Court, New York County (M. Altman, J.), entered August 4, 1982, denying defendants' motion for partial summary judgment for rent or for use and occupancy of plaintiffs' apartments from January, 1982 until termination of such use and occupancy, and for an injunction restraining continued use and occupancy of the apartments for professional purposes or in the alternative requiring plaintiffs to vacate their apartments, unanimously modified to condition denial of the injunction upon payment by plaintiffs of current rent as the same becomes due at the rate prevailing prior to the institution of this action until further order of the court, and upon payment by plaintiffs to defendants, within 15 days of the order to be settled herein, of all arrears of such rent commencing January, 1982, and otherwise affirmed, with costs to defendants. Defendants are the landlords of a 16-story apartment building containing 109 apartments at 40 East 89th Street in Manhattan. The 52 plaintiffs are medical practitioners and therapists who occupy 45 of the apartments in the building for professional purposes. On July 27, 1981, the Department of Buildings notified defendants that they were in violation of the Housing Code because use of these apartments for professional purposes is in

violation of the certificate of occupancy and zoning resolution inasmuch as the building is zoned class A, residential apartments. On August 20, 1981, Criminal Court summonses were issued against defendants for permitting such professional tenancies. On November 25, 1981, defendants served each plaintiff with a letter notifying each of the violations and enclosing a 30-day notice terminating the tenancy unless the use as a doctor's office was discontinued forthwith. In January, 1982, 35 of the plaintiffs sued defendants for a declaration that their apartments are rent stabilized, thus entitling them to renewal leases as well as refunds of about $50,000 in overcharges. They thereupon stopped paying rent. Defendants then brought summary proceedings in Civil Court against doctors occupying 13 of the apartments. These actions were consolidated. In the amended pleadings, defendants answered and counterclaimed for immediate possession and $1 million in damages for continued occupancy. Defendants then moved for partial summary judgment for $186,545, the amount allegedly due for rent or use and occupancy for the period January-May, 1982, as well as for an injunction against continuing use of these apartments as professional offices. It is undisputed that each lease provides that occupancy is "for professional use only" and contains a rider holding defendants harmless for any nonconforming use and in which plaintiffs agreed to waive any cause of action they might have by reason of the termination of occupancy based on such nonconforming use. Defendants urge that the central issue in this case concerns the notices of violations filed in Criminal Court by the New York City Department of Buildings, alleging unlawful occupancy of the 45 apartments in question as doctors' offices in a residential building, contrary to the certificate of occupancy and the zoning resolution and thus violative of pertinent provisions of the New York City Administrative Code. Plaintiffs contend they are rent-stabilized tenants entitled to renewal leases. They assert they live in their apartments. Although the assertion is almost *pro forma* in character, it does raise an issue. The crucial issue is how the apartments are actually being utilized. The violation notices issued at the behest of the Department of Buildings are not conclusive evidence of violations. The record does not reveal any disposition of the enforcement proceedings. There is a question of fact as to whether the professional use of these apartments is merely peripheral to a primary residential use, despite the sparse and unrevealing affidavits on behalf of plaintiffs. Section 12-10 of the zoning resolution permits the practice of certain "home occupations" in a residential apartment, among which are included medicine, dentistry and psychology, which would not alter the otherwise residential nature of the apartment (see *Matter of Zeitlin v New York City Conciliation & Appeals Bd.,* 46 NY2d 992). Under the zoning resolution, an apartment retains its residential character when the accessory use for a home occupation is limited to 25% of the total floor area, in any event not to exceed 500 square feet. The existence of this question of fact militates against summary disposition of this issue. In addition to a declaration of their rights as rent-stabilized tenants, plaintiffs also seek refunds of approximately $50,000 in alleged overcharges. Pursuant to that claim, plaintiffs ceased paying rent as of the commencement of this action in January, 1982. As a consequence, defendants counterclaimed, *inter alia,* for rent or payment for use and occupancy since January, 1982. The question of plaintiffs' alleged overpayments, as well as defendants' right to an injunction against continued use and occupancy of the apartments for professional purposes, must await a trial of the facts. Plaintiffs should not be entitled to continue occupancy of the premises without paying for its use. Balancing the equities, defendants are entitled to the monthly payments for rents or use and occupancy, if only to maintain the *status quo* until

rendition of a final judgment (*Corris v 129 Front Co.,* 85 AD2d 176). We think the interests of justice will be served by conditioning the denial of an injunction in favor of defendants upon such payment by the plaintiffs, and we so direct. Concur — Fein, Milonas and Kassal, JJ.

Silverman, J. P., concurs in a memorandum as follows: In my view "the sparse and unrevealing affidavits on behalf of plaintiffs" completely fail to comply with the obligation of a party "who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [pleading] are real and are capable of being established upon a trial" (*Di Sabato v Soffes,* 9 AD2d 297, 301), and are thus insufficient to raise a triable issue of fact. However, it seems highly probable that the plaintiffs tenants' occupancy of the apartments was exactly of the type the parties contemplated and the landlord agreed to. This gives rise to problems of conflicting equities which I think should be further explored before final judgment is rendered, and I, therefore, concur in the denial of summary judgment. Settle order.