OPINION OF THE COURT
Per Curiam.
Final judgment entered June 2, 1992 and order entered December 1, 1992 affirmed, with $25 costs.
This is a nonpayment proceeding where residential apartment premises were rented for commercial purposes in violation of the certificate of occupancy and applicable zoning resolution. The tenant leased the space for the practice of psychotherapy and was authorized to sublet to five additional occupants practicing in the same capacity. The issue framed for decision is whether landlord is precluded from collecting rent or maintaining summary proceedings for nonpayment in the circumstances presented.
In Abright v Shapiro (92 AD2d 452), the landlord sought to enjoin its medical lessees from continued use and occupancy of the apartments at issue for professional purposes after the Department of Buildings issued a violation because the professional use was in violation of the certificate of occupancy and zoning resolution. The First Department conditioned its denial of injunctive relief upon tenants’ paying all arrears and upon their continued payment of rent as it became due. The Court stated: "[Tenants] should not be entitled to continue occupancy of the premises without paying for its use” (Abright v Shapiro, supra, at 453).
Upon parallel facts, tenant herein should not be absolved of his fundamental obligation to pay rent. It is clear that the parties contemplated a commercial use only, and landlord made no representation in the lease that the use was in compliance with the certificate of occupancy. Tenant took possession, practiced out of the space without materially altering its residential character, and at no time surrendered possession or sought rescission after ceasing to pay rent. In such circumstances, a dismissal of the petition, as argued for by the tenant, would result in unjust enrichment.