■ PHILLIPS & HUYLER ASSOCIATES, Respondent, v JAMES C. FLYNN, Appellant, et al., Respondents. [640 NYS2d 26] ■

The lease in question here, executed by petitioner's predecessor and respondent-tenant, allowed for use of the premises to conduct psychotherapy and counseling. Accepting the tenant's proof offered both at trial and on the motion for a new trial based on newly discovered evidence that the leased premises could not be used for its intended purpose due to the certificate of occupancy and zoning regulations, such fact does not relieve the tenant of the obligation to pay rent for the period of time he occupied the premises (*see, Abright v Shapiro*, 92 AD2d 452, 453-454, *appeal after remand* 206 AD2d 268; *Elkar Realty Corp. v Kamada*, 6 AD2d 155, *lv dismissed* 5 NY2d 844). Contrary to the tenant's contention on this appeal, there is no proof that the petitioner fraudulently induced execution of the lease or made a specific representation concerning the certificate of occupancy for the intended use under the lease (*see, National Conversion Corp. v Cedar Bldg. Corp.*, 23 NY2d 621; *Municipal Metallic Bed Mfg. Corp. v Dobbs*, 253 NY 313). In these circumstances, we agree with the majority at Appellate Term that the tenant is required to pay for its continued occupancy of the premises during the pendency of the non-payment summary proceedings inasmuch as a contrary ruling would result in unjust enrichment to the tenant.

We have considered tenant's remaining contentions and find

them to be without merit. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ. [*See,* 164 Misc 2d 347.]