OPINION OF THE COURT
Per Curiam.
Order dated February 3, 1995 reversed, with $10 costs, respondents’ motion to dismiss the petition is denied, and the matter is remanded to the Civil Court for further proceedings on the petition.
Appellant is the over landlord of building premises net leased to tenant Fifth Avenue Community Center of Harlem, Inc. (Fifth Avenue), a not-for-profit corporation, for the purpose of operating a "group home”. Respondents rented space from Fifth Avenue on the second and third floors, which they occupied for residential use. After appellant commenced a nonpayment proceeding upon Fifth Avenue’s rent default of approximately $40,000, Fifth Avenue consented to the entry of a possessory judgment against it. With respect to the respondents, who had been named in the petition, Civil Court granted their dismissal motion upon the ground that appellant had failed to plead the building’s status as a multiple dwelling and registration of the building with the Office of Code Enforcement.
The premises was a commercial building, not a multiple dwelling, when net leased to Fifth Avenue. A group home is a type of public institutional facility which is not encompassed within the definition of a "multiple dwelling” (Multiple Dwelling Law § 4 [7]; see, Fischer v Taub, 127 Misc 2d 518, 523-524). It is alleged, however, that Fifth Avenue did not operate the premises as a group home, but rented out the space to the respondents as separate apartments on a monthly basis. To the extent Fifth Avenue violated the terms of its own net lease and created conditions requiring registration while it was in exclusive control of the premises, neither Fifth Avenue nor its undertenants could validly assert lack of registration as a basis to defeat appellant’s nonpayment proceeding. Accordingly, the petition is reinstated and respondents are granted leave to serve an answer interposing any legal or equitable defense (RPAPL 743).