McCooe, J.
(concurring). I concur in the result reached by *69 the majority on different grounds. The issue is whether a non-permissible use of a building by a net lessee of commercial premises can convert the building into a multiple dwelling. The sublessees contend that a conversion created a landlord-tenant relationship between the nonconsenting net lessor and the sublessees when the net lease was terminated resulting in their attaining rent-stabilized status. The general rule is that a sublessee’s rights are subordinate and extinguished by the termination of the net lease. (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339.)
The city previously leased and renovated these premises as a group home for the homeless. When the city lease terminated, the net lessee attempted to continue to furnish similar housing accommodations but the project failed financially. The sub-lessee residents are now claiming rent-stabilized status with all the attendant legal consequences even though the net lessor has never demanded or accepted either rent or use and occupancy from them. It seeks possession only.
Even assuming that the premises were not being used as a group home and that the net lessor learned of this fact during the term of the l,ease as claimed by the sublessees the sublessees would be in pari delicto. They would have no equitable basis to complain of a misuse from which they are benefitting. (Phillips & Huyler Assocs. v Flynn, 164 Misc 2d 347, affd 225 AD2d 475; Zafra v Sawchuk, NYLJ, Jan. 9, 1995, at 27, col 2 [App Term, 1st Dept].) Furthermore, analogizing this situation with a property violation, the net lessor is simply seeking to cure the violation and obtain possession to restore the premises to commercial occupancy. (Hornfeld v Gaare, 130 AD2d 398.)
Ostrau, P. J., and Freedman, J., concur; McCooe, J., concurs in a separate memorandum.