*934 OPINION OF THE COURT
Margaret A. Chan, J.
The decision/order on this motion is as follows:
Petitioner landlord commenced a summary proceeding against one of its tenants, NY School of Dog Grooming, Inc., the respondent herein, for nonpayment of rent. Respondent filed the instant motion to dismiss the petition claiming that no rent is due as there is no proper certificate of occupancy (C of O) for its premises. Petitioner opposed the motion arguing that pursuant to the parties’ lease, the duty to obtain a C of O appropriate for tenant’s use of the premises as a dog grooming school falls on the tenant, not the landlord.
Facts
The parties entered into a 10-year lease on August 10, 2001, which term was extended on September 8, 2011 for seven additional years with a termination date of August 31, 2018. The petition alleged that respondent defaulted on its monthly rent payments as of July 1, 2011. In 2008, respondent sought to renew its dog grooming educational license. Apparently, a renewal could not be obtained without a proper C of O. The existing C of O for the subject premises was for a multiple dwelling with the basement, which is the subject premises, used as a restaurant. A copy of said C of O showed that it was a temporary one which had long expired in 1949* (petitioner’s aff in opposition, exhibit 2). Respondent requested petitioner to amend the C of O. It also hired an architect to assist in that process. Petitioner’s opposition papers included an approved application to the New York City Department of Buildings filed by respondent’s architect to convert the premises from a former restaurant to a dog grooming facility. The approval was dated February 1, 2010. Nothing, however, was done since the approval. In 2011, the architect wrote to respondent that he had done all he could to advance the permit process; the remaining work must be done by the landlord, such as hiring a contractor to do the physical alterations.
Petitioner’s only argument is that it was incumbent on respondent to do all work or alterations at its own expense in order to acquire a proper C of O. Petitioner points to the lease’s boilerplate provisions which bar respondent from using the premises other than as stated in the C of O, and state that re *935 spondent, at its sole cost and expense, must comply with all laws and regulations, and that respondent had accepted the premises “as is” (petitioner’s aff in opposition at 3, para 18). Respondent’s argument is strictly that, as there is no proper C of O in place, petitioner may not collect rent.
Discussion
Respondent relies on two cases, Ying Lung Corp. v Medrano (123 Misc 2d 1074 [Civ Ct, NY County 1984]), and Elizabeth Broome Realty Corp. v China Print. Co. (157 Misc 2d 572 [Civ Ct, NY County 1993]), for the proposition that a commercial tenant may invoke Multiple Dwelling Law § 302 as a defense for non-payment of rent.
Section 302 (1) of the Multiple Dwelling Law provides:
“a. If any dwelling or structure be occupied in whole or in part for human habitation in violation of section three hundred one, during such unlawful occupation . . .
“b. No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent.”
Section 301 of the Multiple Dwelling Law, referred to above in paragraph (a), requires the issuance of a C of O before a multiple dwelling may be “occupied in whole or in part.” (Multiple Dwelling Law § 301 [1].)
In Ying Lung Corp., focusing on the words “structure” and “human habitation” in Multiple Dwelling Law § 302 (1) (a), the court opined that
“[t]he statutory language making the strong penalty for violation applicable to a ‘structure’ (not just the residential units therein) if only a portion thereof is occupied for ‘human habitation’, necessarily implies that nonresidential occupants are entitled to assert the defense provided in the section where the landlord fails to procure a certificate of occupancy” (123 Misc 2d at 1075).
The court in Elizabeth Broome Realty Corp. reasoned that Multiple Dwelling Law § 302 (1) extended to commercial tenants because “the statute contains no words of limitation restricting its application to residential premises, or limiting the availability of this defense to residential tenants” (157 Misc 2d at 574).
*936 However, as appellate precedents have upheld a landlord’s right to collect rent in a summary proceeding against a commercial tenant when a C of O is not in place (see e.g. Phillips & Huyler Assoc. v Flynn, 225 AD2d 475 [1st Dept 1996] [use of premises in violation of C of O did not prevent landlord from collecting rent]; Silver v Moe’s Pizza, 121 AD2d 376 [2d Dept 1986] [where landlord made no promise to get C of O on lease, the absence of a C of O did not relieve tenant from paying rent]; Only Props., LLC v Cavlak, 30 Misc 3d 129[A], 2010 NY Slip Op 52300[U] [App Term, 1st Dept 2010] [nonconformity of the C of O and Department of Health violations did not relieve tenant’s rent obligations even if alterations to premises were done by landlord on behest and behalf of tenant]; cf. Chazon, LLC v Maugenest, 19 NY3d 410 [2012] [the Court of Appeals recently made clear that Multiple Dwelling Law § 302 (1) (b) bars special proceedings against residential tenant to recover rent or for possession of premises for nonpayment of rent]), a contrary conclusion is reached in this case.
Further, as Multiple Dwelling Law § 302 (1) is a derogation of common law, the definitions thereof must be strictly construed (see Phillips & Huyler Assoc. v Flynn, 154 Misc 2d 689 [1992]). Therefore, it would be counter to the principles of strict construction to allow flexibility in applying the statute other than as specified in the statute. Strict construction of the statute is facilitated by adhering to the definitions as provided by section 4 of the Multiple Dwelling Law. The pertinent, relevant terms are as follows: £<[a] ‘dwelling’ is any building or structure or portion thereof which is occupied in whole or in part as the home, residence or sleeping place of one or more human beings” (Multiple Dwelling Law § 4 [4]); and a “structure” is “a building or construction of any kind” (Multiple Dwelling Law § 4 [23]). As so defined, Multiple Dwelling Law § 302 evinces a limited application to residential tenants, tenants whose habitation or where they live, reside or sleep, is in a building or construction.
In concluding that Multiple Dwelling Law § 302 is inapplicable in this case, respondent’s motion to dismiss the petition is denied.

 Neither party addresses the expiration of the temporary C of O.