OPINION OF THE COURT
Memorandum.
Ordered that the amended order is modified by providing that defendants’ motion for summary judgment dismissing the complaint is denied and the branch of plaintiffs cross motion seeking to dismiss the seventh affirmative defense is granted; as so modified, the amended order is affirmed, without costs, and the matter is remitted to the Civil Court for a determination by a different judge of the branch of plaintiffs cross motion seeking leave to amend the complaint to add a cause of action and for all further proceedings.
In this action to recover $25,000 in unpaid rent based on an oral lease for a portion of the property located at 87 Granite Avenue, Staten Island, the record indicates that, in July 2007, a representative of defendant New Delta, Inc., an automobile body repair business located near the property, leased from plaintiff a portion of the property, to be used as an automobile body shop and for the storage of the automobiles being repaired. The property was certified for occupancy as a two-family residence and for parking two vehicles. Although the parties dispute the extent of the area demised, for at least a part of the period at issue defendants used a garage, located near the two-family structure, for automobile repairs, and a portion of the adjacent land for the storage of vehicles under repair. Defendants paid rent until August 2008 and vacated in May 2010. In their answer, defendants interposed seven affirmative defenses and a counterclaim for rents paid. Defendants subsequently moved for summary judgment dismissing the complaint, arguing that their use of the premises violated the certificate of occupancy, which rendered the lease illegal and void ah initio, and barred plaintiff from collecting rent. Plaintiff cross-moved to dismiss defendants’ first, second, third and seventh affirmative defenses, the *54 last of which alleged the illegality of the occupancy, and for leave to amend the complaint to add a cause of action for money damages incurred for restoring the premises after defendants had vacated. The Civil Court granted defendants’ motion for summary judgment dismissing the complaint on the ground that the violation of the certificate of occupancy barred plaintiff from recovering rent, denied the branch of plaintiffs cross motion seeking to strike the first, second, third and seventh affirmative defenses, and did not decide the branch of plaintiffs cross motion which was for leave to amend the complaint to add a cause of action.
“In the case of a commercial lease where the landlord has made no covenant to obtain a certificate of occupancy and the tenant’s right to possession is wholly undisturbed, the mere absence of a certificate of occupancy does not relieve the tenant of its fundamental obligation to pay rent” (Silver v Moe’s Pizza, 121 AD2d 376, 378 [1986]; see 114 W. 26th St. Assoc., L.P. v Metropolis Fencing Sports Ctr. LLC, 15 Misc 3d 130[A], 2007 NY Slip Op 50650[U] [App Term, 1st Dept 2007] [same]; see also Phillips & Huyler Assoc. v Flynn, 225 AD2d 475 [1996]; Only Props., LLC v Cavlak, 30 Misc 3d 129[A], 2010 NY Slip Op 52300[U] [App Term, 1st Dept 2010]). “The mere lack of a certificate of occupancy for premises for the use contemplated by a lease does not cause the lease to be void for illegality or result in a failure of consideration that would permit a tenant to terminate his obligations thereunder” (5 Rathkopf, Zoning and Planning § 80:8). A contrary ruling “would result in unjust enrichment to the tenant” (All Metro Corp. v Fit Laundromat, 13 Misc 3d 131[A], 2006 NY Slip Op 51858[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2006], quoting Phillips & Huyler Assoc. v Flynn, 225 AD2d at 475).
Defendants never argued that the oral lease included plaintiffs warranty that the certificate of occupancy permitted the uses contemplated by defendants, that plaintiff would obtain such a certificate of occupancy, or that the payment of rent was conditioned on plaintiff’s having a proper certificate of occupancy (e.g. All Metro Corp. v Fit Laundromat, 2006 NY Slip Op 51858[U], *2). Moreover, defendants have “no equitable basis to complain of a misuse from which they . . . benefit-tied]” (2009-2011 Third Ave. Corp. v Fifth Ave. Community Ctr. of Harlem, 169 Misc 2d 67, 69 [App Term, 1st Dept 1996, Mc-Cooe, J., concurring]).
In view of the foregoing, defendants’ motion for summary judgment dismissing the complaint should have been denied *55 and the branch of plaintiffs cross motion seeking to strike the seventh affirmative defense of illegal occupancy granted. However, we affirm so much of the amended order as denied the branch of plaintiffs cross motion seeking to dismiss the other affirmative defenses in question as no basis has been shown on appeal in support of plaintiffs conclusory claim that those defenses lack merit. As the Civil Court did not address the branch of plaintiffs motion seeking leave to amend the complaint to add a cause of action, the matter is remitted to the Civil Court for a determination thereof and for all further proceedings.
Accordingly, the amended order is modified by providing that defendants’ motion for summary judgment dismissing the complaint is denied and the branch of plaintiffs cross motion seeking to dismiss the seventh affirmative defense is granted; as so modified, the amended order is affirmed and the matter is remitted to the Civil Court for a determination by a different judge of the branch of plaintiffs cross motion seeking leave to amend the complaint to add a cause of action and for all further proceedings.
Pesce, EJ., Weston and Rios, JJ., concur.