407 A.2d 1333

**KDI SYLVAN POOLS, INC.,** Appellant,

v.

**DELTA PLASTICS COMPANY, INC.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Decided July 27, 1979.

Petition for Allowance of Appeal Granted Oct. 9, 1979.

236

Robert R. Reeder, Philadelphia, for appellant.

Sean O'Callaghan, Philadelphia, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

This is an appeal from an order of the Common Pleas Court of Bucks County opening a default judgment.

Appellant initiated this assumpsit action via complaint on October 12, 1976. Service was effected through the Secre-

tary of the Commonwealth on appellee (a California corporation) three days later. The suit papers eventually arrived at the Philadelphia office of appellee's insurance carrier on November 16, 1976. The answer to the complaint already overdue, appellee's insurance carrier contacted appellant's counsel and secured, apparently, an unlimited extension of time. However, three days later, the carrier received a letter from appellant's attorney which stated that appellant would take no further action provided counsel for appellee entered an appearance within 45 days. No appearance having been entered, appellant took judgment by default on January 7, 1977 (50 days after the 45-day extension was granted). Since there was no counsel of record, appellant forwarded the notice of default to appellee's president, who received it on January 11, 1977. Appellant, having been contacted by the insurance carrier, then sent a letter on February 3, 1977, which stated in the concluding paragraph:

"If at this time you feel that this case is not negotiable, then I might suggest that the only recourse you would have at this time would be to file a Petition to Open Judgment. If I do not hear from you within thirty (30) days from the above date, we shall commence execution proceedings against Delta Plastics Company, Inc. in California." (R. 41a)

The petition to open was filed March 4, 1977, and the lower court opened the judgment on July 14, 1978.

Appellant asserts that none of the three requirements to open a default judgment was satisfied and therefore the action of the lower court in opening the judgment was an abuse of discretion.

■ Appellee, in order to open the judgment, had to (1) file the petition to open promptly; (2) satisfactorily explain his failure to appear or timely file an answer; and (3) allege with specificity a meritorious defense. *Epstein v. Continental Bank and Trust Company,* 260 Pa.Super. 522, 394 A.2d 1049 (1978).

■ However, we will not reverse the lower court, unless an error of law or a clear abuse of discretion is shown. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Nevils v. Chernitsky,* 244 Pa.Super. 501, 368 A.2d 1297 (1976).

■ Our review of the facts and circumstances indicates that there was an abuse of discretion by the lower court.

The lower court excused the failure to file an answer or appearance based on its evaluation that the lack of an answer was due to a "misunderstanding" between the carrier and appellant's counsel as to how long an extension of time was granted.

Although appellee's insurance carrier might well have been confused as to the length of the extension, we find no justification for such confusion. Originally (November 16, 1976), the insurance carrier had contacted appellant's counsel to request an extension. Such an extension was granted orally. The carrier, in the depositions of its agents, was under the impression that such extension was unlimited. However, regardless of what was stated over the phone, a letter received three days later (R. 56a) unequivocally provided that if an appearance was entered of record for appellee within 45 days, no further action would be taken. 50 days came and went and no appearance was entered on behalf of appellee and thus appellant took default judgment, almost 70 days after the complaint was filed.

Appellee explains that their insurance carrier relied on the oral extension of time and that many difficulties in investigation were present and that there were problems in communication between the Philadelphia office and California.

We would be more sympathetic to appellee's plight—given the probable complexity of a contract interpretation problem—were it not for the fact that all appellant requested was that appellee (the California corporation) enter an appearance within 45 days. Appellee was not required to compose an answer. We find no justification for the failure to enter an appearance.

The gist of appellee's claim is that the entry of default judgment was unfair and without notice.

We, however, do not believe this is a case where appellee was "lulled into a false sense of security", *Good v. Sworob,* 420 Pa. 435, 218 A.2d 240 (1966), or "lulled into a posture of inaction", *Zellman v. Fickensher,* 452 Pa. 596, 307 A.2d 837 (1973). We feel the *letter* clearly gave notice that the extension was limited to 45 days. Appellee claims he tried to clear up the discrepancy between the oral extension and the letter, but could not get in touch with appellant's counsel. We hardly consider two phone calls an adequate effort.

Additionally, appellee, and the lower court, point to the fact that appellant failed to notify opposing counsel before entry of the judgment.

Under most circumstances we have considered it to be the most equitable policy to require counsel to contact opposing counsel before entry of a default judgment. See e. g. *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974); *Brooks v. Surman,* 262 Pa.Super. 369, 396 A.2d 799 (1979). The notice requirements were more than satisfied by the letter of November 19, 1976, from appellant's counsel to appellee's insurance carrier, advising, in effect, that judgment would be taken in the event an appearance was not entered within 45 days.

We are not here confronted with a "snap judgment" situation. Appellant's carrier was accorded the utmost consideration by counsel for appellee.

Thus, having found that appellee did not adequately explain its failure to file an answer on time, we do not reach the merits of the other two necessary criteria.

Order of the lower court reversed and judgment entered in favor of appellant.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. This is an extremely close case. The learned trial judge, in the exercise of his discretion, determined that the circumstances warranted an order opening the judgment taken by default against appellee. Be-

cause I am unable to find an abuse of the trial court's discretion, I would affirm the opening of the judgment.