456 A.2d 996

Joseph LALUMERA, Jr., a Minor by His Parent and Natural Guardians, Joseph Lalumera, Sr. and Janet Lalumera, and Joseph Lalumera, Sr. and Janet Lalumera, in Their Own Right

v.

NAZARETH HOSPITAL and James Joseph Toland, 3rd, M.D.

**Appeal of NAZARETH HOSPITAL.**

Superior Court of Pennsylvania.

Argued February 23, 1982.

Filed Jan. 7, 1983.

Reargument Denied March 21, 1983.

Petition for Allowance of Appeal Denied Oct. 6, 1983.

G. Wayne Renneisen, Philadelphia, for appellant.

Eugene Spector, Philadelphia, for Lalumera, et al., appellees.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

Appellant Nazareth Hospital appeals an order of the Court of Common Pleas, Philadelphia County, sitting in equity, which denied its petition to open a default judgment.

Appellees Joseph Lalumera Jr., a minor, and his parents filed a complaint in trespass and assumpsit against Nazareth Hospital and Joseph James Toland, 3rd, M.D., on September 25, 1979, alleging negligence in the medical treatment of Joseph Lalumera Jr. while he was a patient in the hospital. From the time the complaint was served on Nazareth, September 26, 1979, a series of errors ensued which culminated in the entry of a default judgment on October 30.

Upon receipt of the complaint, the hospital's assistant administrator immediately notified its current insurance carrier, Pennsylvania Hospital Insurance Company (PHICO) in the erroneous belief that PHICO was the correct carrier for the claim in question. PHICO telephoned Nazareth on October 3 to advise the hospital that PHICO was not the proper carrier, but for some reason failed to return the

papers relating to the claim until October 10. The hospital received them on October 11.

On the same day, October 11, Nazareth notified its prior insurance broker, J.J. Manley, Inc., of the claim. Manley's vice-president, Mark Toal, assumed that his office had a record of the claim and he instructed a claims clerk to pull the file. The clerk who was given this task was new and inexperienced. She was unable to locate the requested papers and, apparently, was completely unaware that there was any urgency to the request, for she later said that she had "been taking a little time every day trying to locate it" (R. 25). Meanwhile, Toal became preoccupied with other work at Manley's which kept him from giving the Lalumera claim his immediate and full attention. On October 30 a default judgment was entered. When Toal learned of the default judgment on November 1, the papers were located and sent by messenger to the proper insurance carrier on November 2. On the same day, November 2, counsel for Nazareth entered his appearance, and on November 9 filed a petition to open judgment.

■■■ A petition to open a default judgment is addressed to a court's equitable powers, and is a matter for judicial discretion. The scope of our review is therefore limited to a determination of whether there has been an error of law or a clear, manifest abuse of discretion. *Brooks v. Surman Dental Lab., Inc.,* 262 Pa.Super. 369, 396 A.2d 799 (1979); *Kabanow v. Kabanow,* 239 Pa.Super. 23, 361 A.2d 721 (1976). It is well settled that a petition to open a judgment may be granted only when three conditions are met: (1) the petition must be promptly filed; (2) the petitioner must be able to show a meritorious defense; (3) there is a reasonable excuse for failure to file a timely answer. *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979); *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971).

In this instance counsel for appellant Nazareth Hospital immediately filed his Entry of Appearance on November 2,

and the Petition to Open Default was filed on November 9. Since these actions were taken within ten days of the entry of default judgment, we believe the first requirement, promptness, has been shown.

Nazareth also avers a defense to the cause of action on the merits. The Lalumera claim is based on a hospitalization which occurred in February and March, 1975, and an alleged resulting injury that was discovered in April 1975. Nazareth contends that the claim is thus barred by the two year statute of limitations on personal injuries. The hospital also contends that an action in express or implied contract is similarly barred by 42 Pa.C.S. § 5525. Further, Nazareth argues that Dr. Toland was not an agent, servant, or employee of the hospital but rather Lalumera Jr.'s independent treating physician. Thus, the second requirement for opening the default, the showing of a defense on the merits, is also met.

We turn now to the third requirement for opening the judgment: a reasonable explanation or excuse for the failure to make a timely appearance or file an answer. In this connection, it is not enough to persuade the appellate court that it might have reached a different conclusion regarding the hospital's explanation. An abuse of discretion is not merely an error of judgment, but a clear and manifest abuse of discretionary power or an error at law. *Carson Pirie Scott & Company v. Phillips*, 290 Pa.Super. 353, 434 A.2d 790 (1981); *Tice v. Nationwide Life Insurance Co.*, 253 Pa.Super. 118, 384 A.2d 1257 (1978), re'd on other grounds, 284 Pa.Super. 220, 425 A.2d 782 (1981).

For the following reasons we believe the court below erred in failing to accept Nazareth's explanation of the delay. First, while there were mistakes by several persons, the loss of time in this case is most appropriately attributed to the inexperienced clerical worker at Manley, rather than to any inaction on the part of Nazareth. The Court has found, in the past, that loss of papers by an insurance carrier constituted sufficient legal justification for opening

a default. *Balk v. Ford Motor Company, supra.* This Court has also accepted inattentiveness by an employee as a reasonable explanation because the Court was unwilling to burden a defendant with a default judgment due to a mistake of this kind. *Sta-Rite Industries, Inc., Walter King Division v. Century Water Treating,* 230 Pa.Super. 285, 326 A.2d 425 (1974). We have opened a default judgment when delay was caused by a company's manager at a branch officer failing to forward papers in accordance with established procedures. *Campbell v. Heilman Homes,* 233 Pa.Super. 366, 335 A.2d 371 (1975).

Although the hospital, in this instance, first sent the claim to the wrong insurance company, Nazareth acted promptly when first served with the complaint, and again to correct its original error. On the basis of its past experience with such claims, Nazareth's administrator had reasonable belief that everything necessary on its part had been done when he sent the claim papers to Manley on October 11, well within the twenty day period for response. In *Schutte v. Valley Bargain Center,* 248 Pa.Super. 532, 375 A.2d 368 (1977), we accepted delay caused by clerical errors on the part of the defaulting party's carrier as reasonable excuse, particularly since the litigant had taken all steps that he reasonably believed would result in the protection of his interests.

Second, the purpose of the entry of default judgment is to speed the cause, and prevent a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. The procedure is not intended to give the plaintiff an advantage so that a defense may be defeated without the difficulty of a contest by the defendant. *Carson Pirie Scott, supra; Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971). Even errors of counsel, when recognized as oversight rather than deliberate decision not to defend, have been held to constitute legal justification for opening a judgment. *Com., Dept. of Transp. v. Nemeth,*

497 Pa. 580, 442 A.2d 689 (1982). There has been no showing that the errors which caused the delay in this instance arose from any dilatory or procrastinating tactics on the part of the hospital. Indeed, they arose from the clerical staff of other parties, namely the hospital's present insurance carrier and its prior broker.

Finally, we find that in this case Lalumera never gave any notice to Nazareth of its intention to take a default judgment. Today, Pa.R.C.P. 237.1 requires a party to give ten days notice after the time for action has elapsed of such an intention. Although Rule 237.1 did not become effective until February 1, 1980, (after the default judgment was entered against Nazareth), the purpose of the rule, as set out in its Note, addresses practices current to the underlying action:

### Explanatory Note—1979

The increasing number of petitions being filed in the common pleas courts throughout the Commonwealth to open default judgments and the ensuing appeals have become a matter of concern to the courts.

One part of the problem arises from the entry of "snap judgments" without notice, a practice sharply disapproved by the Superior Court, and the lack of notice in frequently singled out as an important factor justifying the opening of a default judgment.

The Superior Court in *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974), and *Brooks v. Surman Dental Lab, Inc.* [262] Pa.Super. [369], 396 A.2d 799 (1977), recommended a requirement of prior notice of intent to enter a default judgment, and this has been required by local rule in a number of counties. New Rule 237.1 will make the prior notice a statewide requirement.

Other prior case law maintains the same principle. In *KDI Sylvan Pools, Inc. v. Delta Plastics Company, Inc.*, 268 Pa.Super. 235, 239, 407 A.2d 1333, 1335 (1979) we

stated, "Under most circumstances we have considered it to be the most equitable policy to require counsel to contact opposing counsel before entry of a default judgment". In *Brooks, supra*, 262 Pa.Superior 373–374, 396 A.2d 802, we noted:

"Although the Rules of Civil Procedure do not contain a notice requirement, we have repeatedly chastized counsel for failing to accord that courtesy. In *Silverman v. Polis*, 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454–55 (1974), Judge Cercone wrote for a majority of this court:

" 'One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted.]' "

Before Rule 237.1 became effective, this Court, in opening a default judgment, cautioned that "The reciprocal good faith, mutual respect and courtesy that normally exist among members of the legal profession should have prevented the entry of a 'snap' judgment without notice." *Quaker Transit Co. v. Jack W. Blumenfeld & Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1979).

Because the delays were caused by those other than appellant Nazareth, because Nazareth acted in timely fashion in response to service of the complaint and to petition to open judgment, and because appellee Lalumera failed to notify Nazareth of its intention to enter a default judgment, we find that the court below erred in its exercise of discretion.

Accordingly the order of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

SPAETH, J., disqualified himself.