624 A.2d 715

**Sandra SHUFESKY**

**v.**

**CITY OF ERIE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided April 13, 1993.

Reargument Denied May 25, 1993.

Gregory A. Karle, for appellant.

Andrew J. Sisinni, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Erie (City) appeals from an order of the Court of Common Pleas of Erie County which denied the City's petition to open a default judgment. We affirm.

Sandra Shufesky (Shufesky) filed a civil complaint against the City on January 17, 1992, for damages allegedly caused by surface water runoff, resulting from the negligent design, construction and/or maintenance of the City's storm sewer system. The City accepted service of the complaint on January 28, 1992. On February 18, 1992, the parties agreed to a twenty-day extension of time for the City to file its answer. A letter documenting this extension of time evidences an agree-

ment that the answer would be filed no later than March 9, 1992. On March 16, 1992 (27 days after the 20–day extension and 55 days after the City was served with the complaint), Shufesky filed a praecipe for default judgment. Later that same day, the City filed its answer. On March 19, 1992, the City received notice that a default judgment had been entered against it.

The City then filed a petition to open the default judgment on March 27, 1992. After argument, the trial court denied the City's petition, and again heard oral argument on the City's motion for reconsideration. After the trial court denied the City's reconsideration request, the City appealed to this Court.

■ "The decision whether to open a default judgment is left to the sound discretion of the trial court, and absent an error of law or clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal." *Southeastern Pennsylvania Transportation Authority v. Ray*, 131 Pa.Commonwealth Ct. 179, 181, 569 A.2d 1020, 1021 (1990). Furthermore, in order to grant a petition to open a default judgment, the following three criteria must be met: (1) the petition to open must be promptly filed; (2) there must be a reasonable excuse for failure to respond; and (3) a meritorious defense must be shown. *Id.*

■ The City argues that the trial court erred in refusing to open the default judgment because the City presented a reasonable excuse for its failure to respond. The City also contends that it has a meritorious defense of governmental immunity.[1]

The City's excuse for failure to respond earlier concerns the alleged difficulties it claims it encountered in investigating the complaint's allegations. The City argues that the allegations were of a technical nature which necessitated investigation by several of the City's engineers. In this regard, the trial court stated that it became clear during argument that the City had not even forwarded a copy of the complaint to its Bureau of

1. The parties agree that the petition to open was promptly filed.

Engineering for review until approximately four weeks after the complaint had been served on the City. The trial court also noted that Shufesky, although not obligated to do so, had contacted the City to inquire about the City's delay in filing its answer.

The trial court held that the City failed to give a reasonable excuse for the delay in filing an answer and, citing *KDI Sylvan Pools v. Delta Plastics Co.*, 268 Pa.Super. 235, 407 A.2d 1333 (1979), concluded that a discussion of the merits of the other two criteria was not required.

Although Shufesky concedes that governmental immunity may be a meritorious defense, she argues that the City's failure to present a reasonable excuse, forecloses the granting of the petition to open a default judgment, because all three criteria have not been met. We agree. The City did not persuade the trial court that it had a reasonable excuse for failure to respond, and lacking a showing that the trial court abused its discretion, we will not disturb that decision on appeal.

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of April, 1993, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.