In re: Estate of Paul CIAFFONI, Deceased.

Appeal of: Paul A. Ciaffoni, Elizabeth Cowden a/k/a Elizabeth Ciaffoni Cowden, Annette Mich, PNC Bank, Margaret Soviero, Donna Jo Soviero and Suzette Soviero, Timothy Ciaffoni, Dominique Ciaffoni, Tara Ciaffoni, Holly Ciaffoni, Master/Auditor, Sherri Tocci, Robert M. Ciaffoni, Estate of Robert J. Ciaffoni.

Superior Court of Pennsylvania.

Argued Sept. 26, 2001.
Filed Nov. 13, 2001.

Sean J. Carmody, Pittsburgh, for Paul Ciaffoni, appellant.

Charles J. Avalli, Pittsburgh, for Elizabeth Cowden, participating party.

Before: JOHNSON, MUSMANNO, and BROSKY, JJ.

JOHNSON, J.

¶ 1 In this case we are asked to determine whether one who has properly filed a disclaimer may subsequently revoke that disclaimer. Paul A. Ciaffoni (Disclaimant) appeals from the trial court's order accepting the Master's October 30, 1998 recommendation that he not be permitted to revoke his disclaimer of interest in the estate of Paul Ciaffoni (the decedent's estate). Disclaimant contends that he should be permitted to revoke his disclaimer on the basis that no prejudice will accrue to other interested parties because distributions from the estate have not been made. Disclaimant further contends that revocation should be permitted so as not to frustrate the testamentary scheme. The trial court adopted the Master's recommendation that Disclaimant be precluded from revoking his disclaimer. We affirm.

¶ 2 This appeal arises following a prolonged, fiercely contended will contest and various attacks upon the administration of the decedent's estate. Upon the decedent's death, his daughter, Elizabeth Cowden, became Executrix for the estate, with Pittsburgh National Bank, also known as PNB Administrator, now PNC Bank (PNC) as corporate administrator. Since then, the decedent's will has been contested before no fewer than fourteen state and federal judges. Early in the battle over the decedent's estate, and on August 17, 1978 several of the will's named beneficiaries, including Disclaimant (decedent's grandson), signed a "Renunciation and Disclaimer" (Disclaimer) effectively refusing any interest to be derived from the execution of the decedent's will. The participating beneficiaries (including, Concetta Ciaffoni (Wife), Orlando Ciaffoni (Orlando), Robert M. Ciaffoni (Robert M.), Robert J. Ciaffoni (Robert J.), Bonnie Watts, and Melody Skall) calculated their disclaimers to show solidarity against Cowden and demonstrate their belief that the decedent's will was invalid. The Disclaimer reads as follows:

I, *Paul Anthony Ciaffoni, of R.D. 1, Box 387–A, Canonsburg, Pennsylvania, 15317, grandson of Paul Ciaffoni, deceased, and Concetta Ciaffoni,* do hereby Renounce and Disclaim absolutely and forever any and all interest to which I would be entitled under the document bearing the date of May 10, 1968. This Renunciation and Disclaimer is being signed by me specifically to demonstrate my belief that the document bearing the date of May 10, 1968 is not the will on my grandfather, Paul Ciaffoni, and under no circumstances will I accept any benefits set forth in said document

which I believe to be the coordinated and fraudulent product of Elizabeth C. Cowden and Richard DiSalle, as principals. I am aware that I need not sign this Renunciation and Disclaimer in order to contest aforesaid document bearing the date of May 10, 1968 but I have insisted to do so.

IN WITNESS WHEREFOR, and intending to be legally bound, I have executed this Renunciation and Disclaimer this 17 day of August, 1978.

¶ 3 Ultimately, the validity of the will was established. Then, on or about September 27, 1995, Disclaimant, endorsed a "Revocation of Renunciation and Disclaimer" purporting to revoke his Disclaimer and resurrect his entitlement to his share of the decedent's estate, as provided in the decedent's will. In 1995, the Honorable Thomas D. Gladden from the Washington County Court of Common Pleas appointed Daniel F. Svidro, Esquire, as Master/Auditor to hear exceptions taken from the administration of the decedent's estate. Following one hundred and twenty-eight hearings on various aspects of the administration of the decedent's estate, the Master recommended that Disclaimant not be permitted to revoke his Disclaimer. The trial court confirmed and adopted the Master's recommendation. Disclaimant then appealed the trial court's order.

¶ 4 Disclaimant presents the following issue for this Court's review:

Should a beneficiary under a will be permitted to revoke his renunciation and disclaimer if made prior to any distribution and revocation causes no prejudice to any beneficiary?

Brief for Appellant at 3.

¶ 5 Our standard of review from a final order of the Orphans' Court Division requires that we accord the findings of an Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury. *See In re Benson,* 419

Pa.Super. 582, 615 A.2d 792, 793 (1992). Thus, we will not disturb those findings absent manifest error. *See id.* We shall modify an Orphans' Court order only if the findings upon which the order rests are not supported by competent or adequate evidence or if the court engaged in an error of law, an abuse of discretion, or capricious disbelief of competent evidence. *See id.*

¶ 6 In support of his sole issue, Disclaimant contends that none of the intended beneficiaries of the decedent's estate would be prejudiced if he were allowed to revoke his Disclaimer and take his original share under the will. Disclaimant further argues that decedent's intentions will be served vis-à-vis the decedent's will if Disclaimant is permitted to take the share of the decedent's estate as devised.

¶ 7 We recognize that in some respects this is a case of first impression regarding the revocation of a disclaimer; however, Disclaimant fails to provide any analysis that would permit this Court to disregard statutory considerations and thereby deem the absence of prejudice a justification permitting revocation. Moreover, we know of no legal principle or theory allowing this or any court to consider the potential prejudice to other beneficiaries where a disclaimant wishes to revoke his disclaimer. At best, Disclaimant directs us to the reasoning set forth by the Master in his recommendation. However, the Master presents several cases for the proposition that Disclaimant, at a minimum, bore the burden of providing a reasonable explanation for waiting 17 years before seeking to revoke his disclaimer. Recommendation/Report of Master/Auditor Daniel F. Svidro (Master's Recommendation), 10/30/98, at 18 (citing *N.P.W. Med. Ctr. of N.E. Pennsylvania, Inc. v. L.S. Design Group P.C.,* 353 Pa.Super. 341, 509 A.2d

1306 (1986), *Rose v. Allentown Morning Call,* 427 Pa.Super. 84, 628 A.2d 441 (1993), *Shufesky v. City of Erie,* 155 Pa.Cmwlth. 20, 624 A.2d 715 (1993)). None of the cases presented address whether prejudice is an appropriate standard in the context of an attempted disclaimer revocation. Accordingly, we conclude that these cases, and the trial court's opinion, to the extent it adopts the Master's analysis of those cases, are not pertinent to the analysis before us presently. *See In re Benson,* 615 A.2d at 795–96 (concluding that an appellate court may affirm trial court on any legal grounds regardless of the trial court's reasoning). Further, absent any controlling legal principles guiding this Court to consider prejudice as a justification permitting disclaimer revocation, we conclude that prejudice is not the appropriate measure of whether a disclaimant may revoke his disclaimer.

¶ 8 Contrary to Disclaimant's assertion that "[t]here is no statute or case law which prohibits an heir from revoking his disclaimer," we need only look to statutory provisions clearly delineating the law with respect to a beneficiary's disclaimer of interest to determine whether a disclaimer may be revoked. Specifically, Section 6205 of the Probate, Estates and Fiduciaries Code provides as follows:

§ 6205. **Effect of disclaimer**

(a) **In general.** A disclaimer relates back for all purposes to the date of the death of the decedent or the effective date of the inter vivos transfer or third-party beneficiary contract as the case may be. **The disclaimer shall be binding upon the disclaimant** and all persons claiming through or under him.

(b) **Rights of other parties.** Unless a testator or donor has provided for another disposition, the disclaimer shall, for purposes of determining the rights of other parties, be equivalent to the disclaimant's having died before the decedent in the case of a devolution by will or intestacy or before the effective date of an inter vivos transfer or third-party beneficiary contract, except that, when applying section 2104(1) (relating to rules of succession) or analogous provisions of a governing instrument, the fact that the disclaimant actually survived shall be recognized in determining whether other parties take equally or by representation, and except that if, as a result of a disclaimer, property passes to a fund in which the disclaimant has an interest or power which he has not disclaimed, the disclaimant shall retain his interest or power in the fund as augmented by the disclaimed property.

20 Pa.C.S. § 6205 (emphasis added).

∎ ¶ 9 The most fundamental rule used when determining the meaning of a statute or rule is to begin with the plain meaning of the language used in that statute or rule. *See Ludmer v. Nernberg,* 699 A.2d 764, 765 (Pa.Super.1997); *see also* 1 Pa.C.S. § 1921 ("Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Here, section 6205(a) states expressly that "the disclaimer **shall** be **binding** on the **disclaimant** ...." 20 Pa.C.S. § 6205(a) (emphasis added). The modal auxiliary "shall" coupled with the verb "bind" connotes clearly that the disclaimer is not subject to change once executed. Thus, the disclaimant is precluded unequivocally from revoking a properly executed disclaimer. *Compare generally Fleenor v. Williamson,* 171 Or.App. 599, 17 P.3d 520 (2000) (concluding that disclaimant is pro-

975

hibited by the Uniform Disclaimer Act from revoking a properly executed disclaimer) *with Carman v. Gilbert*, 641 So.2d 1323 (Fla.1994) (concluding that although disclaimer is mandatory to contest the decedent's will, disclaimant may nonetheless receive benefit under the will in the event litigation is unsuccessful).

¶ 10 Such a result is reasonable in view of the effect a disclaimer has on the disposition of the decedent's estate. Specifically, where the disclaimant has absolved himself of any interest that was properly his by will or intestate succession, the disclaimant is deemed to have predeceased the decedent. *See* 20 Pa.C.S. § 6205(b). Like the pre-deceased who, by operation of death, is precluded from asserting a claim against a decedent's estate, the disclaimant may not rise some time later to assert his rights as beneficiary. Therefore, our legislature has intended clearly that documents purporting to disclaim or revoke an heir's or beneficiary's interest in the decedent's estate be irrevocable.

¶ 11 Disclaimant also argues that by failing to permit him to revoke his Disclaimer, the trial court frustrated the testator's intent. We observe, initially, that by disclaiming his share of the decedent's estate, Disclaimant, not the court, frustrated the decedent's intent. Furthermore, Disclaimant fails to assert a legally cognizable rule of law that would permit this court to ignore a statutory imperative. The law clearly precludes Disclaimant from asserting a right to the interest expressly disclaimed in the document. *See* 20 Pa.C.S. § 6205(a). Moreover, we are limited to the intentions expressed on the face of the document. The Disclaimer states expressly that Disclaimant **"absolutely and forever"** disclaims "all interest" in the decedent's estate. Renunciation and Disclaimer, 8/17/78 (emphasis added). The Disclaimer goes further to state that "under **no** circumstances will [Disclaimant] accept any benefits set forth" in the decedent's will. Renunciation and Disclaimer, 8/17/78 (emphasis added). The fact that Disclaimant 1) expressed an understanding that he was not compelled to execute the Disclaimer, then 2) "insist[ed]" upon disclaiming his interest, makes untenable any argument that enforcement of his Disclaimer frustrates the decedent's intentions. Therefore, we conclude that the trial court neither abused his discretion nor erred as a matter of law in adopting the Master's recommendation that Disclaimant not be permitted to revoke his Disclaimer. Accordingly, we affirm the trial court's order adopting the Master's recommendation thereby prohibiting Disclaimant from revoking his August 17, 1978 Disclaimer.

¶ 12 Order **AFFIRMED.**