J-A01031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| MICHAEL J. MCCARTHY, BENJAMIN MCCARTHY, CHRISTINE R. HEAD, LINDA MARIE BUSATTO, CLARA LOUISE MCCARTHY, AND WILLIAM JEROME MCCARTHY, | : IN THE SUPERIOR COURT OF : PENNSYLVANIA : : : : |
| Appellants | : : |
| v. | : : |
| PATTY JO MCCARTHY, | : : |
| Appellee | : No. 1013 WDA 2016 |

Appeal from the Order June 10, 2016
in the Court of Common Pleas of Lawrence County
Orphans' Court at No(s): 82 of 2015 O.C.

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED APRIL 17, 2017**

Michael J. McCarthy, Benjamin McCarthy, Christine R. Head, Linda Marie Busatto, Clara Louise McCarthy, and William Jerome McCarthy (Appellants, collectively) appeal from the June 10, 2016 order that denied their petition to disinter the remains of William J. "Jerry" McCarthy, IV (Decedent) and reinter them at the original burial location.  We affirm.

Decedent died in an automobile accident in 2013.  Appellants are blood relatives of Decedent (his children, sister, and parents).  Appellee Patty Jo McCarthy (Widow) is Decedent's second wife to whom Decedent was married at the time of his death.  While still married to his first wife, Decedent had purchased burial plots near other family members' plots in Crestview

*Retired Senior Judge assigned to the Superior Court.

Memorial Park in Grove City (Crestview). However, Widow objected to Decedent's burial in one of those plots. Instead, upon the agreement of all parties, two other plots were purchased at Crestview, with Decedent buried in one and the other available for Widow.

Approximately two years after Decedent's interment, his sister went to visit his grave and found the site disturbed and the headstone missing. It was later established that Widow had requested and obtained the disinterment of Decedent's remains from Crestview and their reinterment at Castleview Memorial Park in New Castle (Castleview). Widow not only failed to discuss the matter with any of Appellants prior to taking action, but she did not tell Appellants' family where his new gravesite was located. The following month Appellants learned what had happened when Widow's counsel informed them of the disinterment. Counsel later informed them that the remains had been reinterred at Castleview, but declined to disclose the location of his plot within the cemetery.

On August 20, 2015, Appellants filed a petition for special relief asking the orphans' court to order that the Decedent's remains be disinterred again and reinterred back at Crestview. In subsequent discovery, which involved motions to compel, for protective orders, and a granted motion for sanctions against Widow, Appellants received a copy of a letter Widow had sent to Crestview asking for the disinterment.

Officials at Crestview, after receipt of the letter, sought permission for disinterment/reinterment from the local registrar, Betty J. Fischer, of Stoneboro, Pennsylvania. In the course of attempting to have Decedent's body disinterred, a disinterment/reinterment permit was sought.[2] [Widow] initially had in [her] possession the completed reinterment portion of the permit. Only as the court was conducting hearings in this matter did [Widow] introduce a document purporting to be the completed disinterment portion of the permit.

_____
[2] The disinterment/reinterment permit contains three sections[:] an information section, a disinterment portion, and a reinterment portion. There exist two copies of the disinterment/reinterment permit in the record. One copy has a completed disinterment portion, the other has a completed reinterment portion. Both copies would be necessary to comprise a complete disinterment/ reinterment permit.

The disinterment portion of the permit contains Section B which indicates, "Consent of next-of-kin or court order is required when disinterring remains." This section further indicates that the local registrar should check one of two boxes, whichever is appropriate, and attach a copy of the documentation. The two options which can be checked are labeled, consent of next-of-kin and court order. The box reflecting consent of next-of-kin was checked on the permit in the case *sub judice*. Neither [Widow] nor the representative of Crestview [], Patricia Delo, marked the next[-]of[-]kin box on the disinterment permit. It can be concluded that the box was marked by the local registrar.

Following the permit's issuance, the Decedent's body was disinterred from Crestview [] and reinterred at Castleview [] on or about May 1, 2015.

Orphans' Court Opinion, 6/10/2016, at 4-5 (unnecessary capitalization and quotation marks omitted).

Following hearings, the orphans' court denied Appellants' petition by order of June 10, 2016. Appellants timely filed a notice of appeal. Both Appellants and the orphans' court complied with Pa.R.A.P. 1925.

Appellants present two questions for this Court's review, which we have re-ordered for ease of disposition.

> 1. Whether the disinterment of a decedent's remains after original interment without the consent of all of a decedent's next of kin or without a court order is unlawful as it fails to comply with the Pennsylvania Code requirements which provide for disinterment upon consent of all next of kin and/or a court order?
>
> 2. Does a trial court abuse its discretion by admitting into evidence a disinterment/reinterment permit which was not certified by the Commonwealth of Pennsylvania Bureau of Vital Statistics as a record in existence?

Appellants' Brief at 5 (suggested answers and unnecessary capitalization omitted).

> Our standard of review from a final order of the Orphans' Court Division requires that we accord the findings of an Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury. Thus, we will not disturb those findings absent manifest error. We shall modify an Orphans' Court order only if the findings upon which the order rests are not supported by competent or adequate evidence or if the court engaged in an error of law, an abuse of discretion, or capricious disbelief of competent evidence.

*In re Ciaffoni*, 787 A.2d 971, 973 (Pa. Super. 2001) (citations omitted).

Appellants' arguments are based upon the section of the Pennsylvania Code that governs the disinterment of human remains. The regulation provides in pertinent part as follows.

No dead human body shall be removed from its place of interment unless a disinterment permit is first secured from a local registrar who is authorized to issue a disinterment permit, according to the following requirements:

> (1) The funeral director or cemetery official making the application shall present to the local registrar the correct name, date of death and cause of death of the body to be disinterred and written consent of next of kin, or appropriate order from a court of competent jurisdiction.
>
> (2) No disinterred body shall be reinterred either in the same cemetery or another cemetery located in this Commonwealth unless a burial or removal permit is obtained.

28 Pa. Code § 1.25(a).

Appellants claim, with absolutely no citation to authority, that Widow, "as the party who sought to disinter Decedent's body, has the burden to prove compliance with statutory and regulatory provisions." Appellants' Brief at 24.

From its plain language, 28 Pa. Code § 1.25(a) establishes protocols for funeral directors, cemetery officials, and local registrars. It requires a funeral director or cemetery official to make a permit application to a local registrar, advises the registrar what information and documentation is needed before a permit is issued, and proscribes disinterment and reinterment without the permit.

However, Appellants have not brought an action against anyone governed by 28 Pa. Code § 1.25. Widow did not dig up Decedent's remains

herself; all she did was provide the written request to the cemetery official. Widow did not make an application to the local registrar for the disinterment/ reinterment permit; per the regulation, that duty fell upon the cemetery official who acted upon Widow's request.

Because Appellants have not made any claims against anyone responsible for complying with the disinterment/reinterment regulation,[1] we find wholly irrelevant Appellants' questions about the lawfulness of the past disinterment of the Decedent's remains and the propriety of the orphans' court's decision to admit copies of the disinterment/reinterment permit. Even if we agreed with them on both issues, no relief would be available under the regulation against any party to this action.

The issue for this Court to consider is whether the orphans' court abused its discretion in denying Appellants the relief they sought in the form of disinterment from Castleview and reinterment at Crestview. In arguing that they are entitled to that relief, Appellants focus on the issue of the meaning of "next of kin" in 28 Pa. Code § 1.25(a)(1), and maintain that it requires the consent of **all** next of kin. **See** Appellant's Brief at 33 ("Section

---

[1] **Cf. Norton v. StoneMor Partners, L.P.**, No. 2010-6609, 2014 WL 4410358 (Cumberland County Ct. Com. Pl. August 18, 2014) (holding next of kin had private right of action of negligence *per se* for a cemetery's violation of section 1.25, where it "had dug up Plaintiff's mother's grave, removed the urn containing her remains, and stored them during Plaintiff's aunt's funeral without Plaintiff's permission, only to later reinter the remains next to the [aunt's] casket").

1.25(a) requires consent of next of kin, which means 'all' next of kin must consent, and that where there is consent of less [*sic*] than all next of kin, then the party or parties seeking disinterment must apply for a court order seeking disinterment….").

The orphans' court offered the following analysis of the issue.

> The issue of the disposition of a decedent's body has been before Pennsylvania Supreme Court on multiple occasions. In **Wynkoop v. Wynkoop**, 42 Pa. 293 (1862), the decedent's widow attempted to remove the body of the decedent, a distinguished soldier, more than a year after it had been buried. The Pennsylvania Supreme Court held that a widow has no further right after burial of the body of the decedent as opposed to the next of kin, and refused permission to a removal under the circumstances. The **Wynkoop** case was discussed by the Pennsylvania Supreme Court in the case of **Pettigrew v. Pettigrew**, 56 A. 878 (Pa. 1904). In **Pettigrew**, the Supreme Court set various rules and factors which must be considered in determining whether a body should be disinterred. The Court detailed the considerations as follows:

>> First. That the paramount right is in the surviving husband or widow, and, if the parties were living in the normal relations of marriage, it will require a very strong case to justify a court in interfering with the wish of the survivor. Secondly. If there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified, it may be, by circumstances of special intimacy or association with the decedent. Thirdly. How far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail. Fourthly. With regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger

with the remoteness of connection with the decedent, and reserving always the right of the court to require reasonable cause to be shown for it.

The Pennsylvania Superior Court, in the case of **Novelli v. Carol**, 420 A.2d 469, (Pa. Super. 1980) expanded the factors that must be considered by a court in deciding a request for reinterment. The Court established the following factors: (1) the degree of relationship that the party seeking reinterment bears to the decedent and the strength of that relationship; (2) the degree of relationship that the party seeking to prevent reinterment bears to the decedent; (3) the desire of the decedent, including the "general presumption that the decedent would not wish his remains to be disturbed," or a specific statement of desire by the decedent; (4) "the conduct of the party seeking reinterment, especially as it may relate to the circumstances of the original interment;" (5) the conduct of the person seeking to prevent reinterment; (6) "the length of time that has elapsed since the original interment;" and (7) the strength of the reasons offered in favor of and in opposition to reinterment.

The Pennsylvania Superior Court in **Kulp v. Kulp**, 920 A.2d 867 (Pa. Super. 2007), later again discussed the factors as described in **Pettigrew** and **Novelli**. In **Kulp**, the divorced parties' son passed away and his remains were cremated. Since there was no surviving spouse, the deceased child's parents, the parties, had the authority to dispose of their son's remains [] as his next of kin. The child's parents disagreed as to the appropriate disposition of the remains. The trial court entered an order requiring that the deceased child's remains be divided between the parties without having first considering the factors set forth in **Pettigrew** and **Novelli**. The Superior Court concluded that the trial court abused its discretion in ordering the son's remains to be divided because the factors were not considered. The case was remanded for further proceedings and the trial court was instructed to consider and apply the factors of **Pettigrew** and **Novelli**.

Orphans' Court Opinion, 6/10/2016, at 7-9 (footnotes and some citations omitted; some citation formats modified).

The record shows that the orphans' court, in deciding Appellants' request for a court order directing disinterment of Decedent's remains from Castleview, in fact applied the definition of the term advocated by Appellants.[2] The orphans' court conducted a hearing at which Appellants had the opportunity to present their position, thoughtfully considered the factors established by the relevant case law, applied them to the facts presented to them by all of Decedents' interested next of kin, and ultimately decided not to order the disinterment of Decedent's remains from Castleview and their reinterment at Crestview. *See* Orphans' Court Opinion, 6/10/2016, at 12-13 (discussing the connections of the parties to Decedent and the differing impacts of the location of his remains upon the respective parties).

Based upon the foregoing, there is no indication in the record that the orphans' court's decision was the product of an error of law, an abuse of discretion, or a capricious disbelief of competent evidence. *Ciaffoni*, 787 A.2d at 973. Accordingly, Appellants are entitled to no relief from this Court.

Order affirmed.

Judge Bowes joins.

Judge Olson concurs in the result.

---

[2] Because the orphans' court considered Appellants' wishes about the resting place of Decedents' remains, which is precisely what they claim is required under their definition of the term next of kin, we need not decide the moot issue of whether that definition is correct.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date:  4/17/2017