J-S14027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF JUSTIN JON BREZOVSKY, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMANDA BREZOVSKY, | |
| APPEAL OF: CHARLOTTE ST. JOHN | No. 1665 MDA 2016 |

Appeal from the Order Entered September 12, 2016
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s): 4016-1335

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 26, 2017**

Charlotte St. John ("Appellant"), purportedly on behalf of the Estate of

Justin Jon Brezovsky, appeals from the order of September 12, 2016,

denying Appellant's Petition for Rule to Show Cause.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that, despite the caption of this case, the entity, "Estate of Justin Jon Brezovsky," does not technically exist.  The surviving spouse of Justin Jon Brezovsky, Amanda Brezovsky, did not request the Luzerne County Register of Wills to issue letters of administration.  **See** 20 P.S. § 3155(b) (outlining order in which letters of administration shall be granted by register of wills and dictating that the surviving spouse's right is second only to "[t]hose entitled to the residuary estate under the will").  Appellant does not contend that she has a right to be issued letters of administration under the statute.

The trial court recounted the relevant factual and procedural history, as follows:

On March 24th, 2016, Justin [Jon] Brezovsky (hereinafter "decedent") died unexpectedly at home at the age of thirty-four. On August 11th, 2016, [Appellant], the decedent's natural mother filed a Petition for Rule to Show Cause "why decedent's wife, Amanda Brezovsky should not give permission to the Luzerne County Coroner to release the Coroner's Report, the Toxicology Report, the Autopsy Report and any and all notes, records and reports, prepared regarding the late Justin Jon Brezovsky, Deceased." [2]

* * *

A hearing was held on the Petition before this [court] on September 8th, 2016. The matter was taken under advisement, and finding no factual or legal basis upon which to grant the relief requested, on September 12th, 2016, this [c]ourt entered an Order denying and dismissing the Petition. Subsequently, on October 6th, 2016, [Appellant], through counsel, filed a Notice of Appeal of this [c]ourt's Order of September 12th, 2016.

Trial Court Opinion, 11/2/16, at 1–2.

Appellant raises the following issues for review:

A. Whether the trial court erred in denying Appellant's petition for rule to show cause[.]

---

[2] We note that Appellant's use of the rule to show cause procedure to effectuate the result she sought was incorrect. A rule to show cause is not original process with which to initiate resolution of a dispute. **See Cooney v. Pennsylvania Osteopathic Association,** 253 A.2d 256 (Pa. 1969) (a rule to show cause is not properly original process in most cases). However, in instances where the parties and the court treat the action as a substitute for some other recognized proceeding, the court may decide cases so commenced on the merits. **Id.** at 257. The trial court herein adjudicated this matter as a properly filed action without objection from the parties. We shall consider the appeal similarly.

B. Whether the trial court erred in not ordering Respondent/Appellee[] to give permission to the Luzerne County Coroner to release the Coron[e]r's report, toxicology report, the autopsy report and any and all notes, records and reports prepared regarding the late Justin Jon Brezovsky to his Mother, Appellant.

C. Whether the trial court erred in not questioning Appellee as to why she refuses to relinquish any information on Justin Jon Brezovsky's death to his Mother and family.

D. Whether the trial court erred in not ordering Appellee to provide to Appellant a copy of a death certificate, along with the Coroner's report, autopsy report and toxicology report.

Appellant's Brief at unnumbered 3 (full capitalization omitted).

Initially, we must determine if we have jurisdiction to address the merits of Appellant's issues. When Appellant filed her notice of appeal, she did not provide a copy of the full trial court docket; thus, it was unclear whether the September 12, 2016 order denying her petition for rule to show cause was a final appealable order. On November 3, 2016, this Court directed Appellant to show cause why the appeal should not be quashed and to provide a copy of the full trial court docket for the underlying matter. Although Appellant did not respond to the order, in the interim, the trial court transmitted the record to this Court. Since it appeared that Appellant's petition was the only matter pending before the trial court, by *per curiam* order of November 23, 2016, the appealability issue was referred to this merits panel, and the November 3, 2016 show cause order was discharged.

In **O'Neill v. Gioffre**, 559 A.2d 588 (Pa. Super. 1989), we were asked to adjudicate an appeal stemming from a trial court order discharging a rule

to show cause why a child support judgment should not be reopened. Therein, we observed that the discharge constituted a final, appealable order because the trial court's order was clear that it was denying the appellant's petition to open the judgment. *Id.* at 589 n.3.

Here, the trial court docket reveals that Appellant's petition was the sole matter before the trial court. Furthermore, the trial court did not discharge the rule; rather, its order specifically denied the petition for rule to show cause and dismissed the petition. Order, 9/12/16. Accordingly, because the trial court's order disposed of all claims and terminated the litigation for all parties, we will address the substantive issues before us. *See* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties).

As aptly noted by the trial court, Appellant's first, second, and fourth issues restate the same argument, namely, that the trial court erred in not ordering Amanda Brezovsky ("Wife") to either provide Appellant with a copy of the coroner's report, the autopsy report, and the toxicology report or give permission to the coroner to release those reports.[3] The trial court

_____

[3] In Appellant's fourth issue, she also asserted that the trial court erred in not ordering Wife to provide her with a copy of the death certificate. However, as noted in the trial court's opinion, cited *infra*, Wife averred that she did provide Appellant with a copy of the death certificate on May 28, 2016 and counsel for Appellant acknowledged Appellant's receipt of two death certificates. N.T., 9/18/16, at 3. Furthermore, Appellant did not present any argument regarding the death certificate in her brief.

explained its rationale for denying Appellant's petition as follows:

> Pursuant to the Pennsylvania Right to Know Law, "public record" is defined as "a record, including financial record, of a Commonwealth or local agency that: 1) is not exempt under section 708, 2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or 3) is not protected by privilege." 65 P.S. § 67.102. Section 708 details a wide variety of categories of information that are exempt from access by a requester of information under the Pennsylvania Right to Know Act. Relative to the requests in this Petition, 65 P.S. § 67.708(20) specifically exempts the following:

>> "[a]n autopsy record of a coroner or medical examiner and any audiotape or a postmortem examination of an autopsy, or a copy, reproduction or facsimile of an autopsy report, a photograph, negative or print, including a photograph or videotape of the body or any portion of the body of a deceased person at the scene of death or in the course of a post mortem examination or autopsy taken or made by or caused to be taken or made by the coroner or medical examiner. This exception **shall not limit the reporting of the name of the deceased individual and the cause and manner of death.**"

> 65 P.S. § 67.708(b)(20). Therefore, all of the records relating to the coroner's records that were requested by [Appellant] are exempt under this section, and only records of a decedent's name, and cause and manner of death are information that [Appellant] is entitled to under the law.[1] *Id*. Additionally, in her Answer to the Petition, [Wife] avers that this information was provided to [Appellant] by the decedent's death certificate, on May 28th, 2016.

>> [1] Additionally, the Luzerne County Coroner sets forth the following information on its webpage: coroner records ". . . **with the exception of cause and manner of death are not public records**. Therefore these records are not available for review by the general public. In accordance with existing law, it is the policy of the Luzerne County Coroner's

office to only release the cause and manner of death concerning any deceased individual unless otherwise specifically authorized by the Coroner's Act and Luzerne County Court of Common Pleas via subpoena." *See* About the Coroner's Office, http://www.luzernecounty.org/county/row_offices/co roner /about-the coroners-office (emphasis in original).

Section 1251 of the Coroner's Act provides that "[e]very coroner, within thirty (30) days at the end of each year, shall deposit all of his official records and papers for the preceding year in the office of the prothonotary for the inspection of all persons interested therein." 16 P.S. § 1251. In *Penn Jersey Advance, Inc. v. Grim*, 599 Pa. 534, 540 (2009), the Pennsylvania Supreme Court held that autopsy reports are "official records and papers" under Section 1251. In the Brief in Support of Petition filed by [Appellant] on September 6th, 2016, counsel for [Appellant] cites only one piece of legal authority to support the Petition. The case cited by [Appellant] is, *Commonwealth of Pennsylvania, ex. rel. District Attorney of Blair County In re Randy Buchanan*, 583 Pa. 620 (2005), wherein the Supreme Court held that the Coroner's Act requires a Coroner to make public autopsy reports. Notably, the Court in [that] case held only that the coroner was required to file the autopsy report within thirty (30) days at the end of each year, pursuant to Section 1251. The *Buchanan* Court did not discuss, and did not make any holdings, about a decedent's spouse being required to provide access to the coroner's information to a third party, as is at issue in this case. . . .

[Appellant] has the ability to file a request under the Right to Know Law, and advised the [c]ourt at the September 8th, 2016 hearing that such a request had been filed on July 11, 2016. Pursuant to the Right to Know Law, [Appellant] is entitled to the name of the deceased individual, and cause and manner of death from the Luzerne County Coroner. [Appellant] is also entitled to view any official records and papers, including the autopsy report as discussed above, that the Coroner files with the Luzerne County Prothonotary within thirty (30) days of the year's end, pursuant to 16 P.S. § 1251. However, there is no legal basis to direct [Wife] to provide any of the requested information to [Appellant], or to direct [Wife] to grant permission to the coroner to release any other information to

[Appellant]. Accordingly, upon consideration of the foregoing, the Order issued by this Court denying the relief requested in the Petition was appropriate.

Trial Court Opinion, 11/2/16, at 3–5 (emphasis in original).

In reviewing a final order of the orphans' court, sitting without a jury, we accord its findings the same weight and effect as a jury verdict, and we will not disturb those findings absent manifest error. *In re Ciaffoni*, 787 A.2d 971, 973 (Pa. Super. 2001). We shall modify an orphans' court order only if the findings upon which the order relies are not supported by competent evidence or if the court committed an error of law, abused its discretion, or capriciously disregarded the evidence. *Id.*

In her brief, Appellant does not challenge any of the trial court's findings or aver that the trial court's legal conclusions were erroneous. Appellant offers only that this Court's decision in *Commonwealth of Pennsylvania, ex. rel. District Attorney of Blair County In re Randy Buchanan*, 823 A.2d 147 (Pa. Super. 2003), *affirmed*, 880 A.2d 568 (Pa. 2005), mandates that Wife give permission to the Luzerne County Coroner to release the coroner's report, the autopsy report, and the toxicology report to Appellant. Appellant's claim is unavailing.

In *Buchanan*, after a local paper sought autopsy reports of a homicide victim, the Commonwealth sought to seal the reports. The trial court entered a judgment denying the request and the Commonwealth appealed. While noting generally that autopsy reports must be released within thirty days

after end of the year pursuant to Coroner's Act, 16 P.S. § 1251, we nonetheless determined that an autopsy report may remain sealed beyond the statutory period if the Commonwealth demonstrates that the release of the report would substantially hinder an ongoing criminal investigation. **Buchanan**, 823 A.2d at 151. We, therefore, reversed and remanded for the trial court "to conduct an *in camera* review of the documents involved and determine whether the Commonwealth has established that the release of the autopsy report would substantially hinder its investigation." **Id.** at 153. The Pennsylvania Supreme Court granted allocator and affirmed the decision of this Court. **Commonwealth of Pennsylvania, ex. rel. District Attorney of Blair County In re Randy Buchanan**, 880 A.2d 568 (Pa. 2005). Notably, neither this Court nor the Pennsylvania Supreme Court considered whether the Coroner's Act or the version in effect of the Pennsylvania Right to Know Law obligated a private person, such as Wife, to provide access to certain information.[4] Accordingly, Appellant has failed to identify any legal basis compelling Wife to either produce the requested reports or give permission to the Luzerne County Coroner to release the

_____

[4] Other than an incomplete citation to the current version of the Pennsylvania Right to Know Law, Appellant does not present any argument as to its applicability in this matter.

reports.  No relief is warranted.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017

---

[5]  Appellant's brief does not address her third argument concerning the trial court's responsibility to question a witness.  Therefore, this issue is waived. **See Commonwealth v. B.D.G.**, 959 A.2d 362, 371–372 (Pa. Super. 2008) (when an appellant fails to develop his issue in an argument and does not cite any legal authority, the abandoned issue is waived).