OPINION OF THE COURT
Edward H. Lehner, J.
The major question raised in the motions before the court is whether a landlord may recover rent from the tenant of a store located in a multiple dwelling prior to the issuance of a certificate of occupancy for the building.
Although the court has found no reported case on this issue, it would seem that section 302 (subd 1, pars a, b) of the Multiple Dwelling Law mandates an answer in the negative. These provisions read in part as follows:
“1. a. If any dwelling or structure to be occupied in whole or in part for human habitation in violation of section three hundred one * * *
“b. No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent.”.
Section 301, referred to above, requires the issuance of a certificate of occupancy before a multiple dwelling may be “occupied in whole or in part”.
*1075 The statutory language making the strong penalty for violation applicable to a “structure” (not just the residential units therein) if only a portion thereof is occupied for “human habitation”, necessarily implies that nonresiden.tial occupants are entitled to assert the defense provided in the section where the landlord fails to procure a certificate of occupancy.
Here a certificate of occupancy was not issued until January 13, 1984. In light of the statutory defense, the portion of the claim for rent applicable to periods prior to that date is dismissed.
However, leasing premises for which a certificate of occupancy has not been issued does not void a lease, and a landlord may thus, after obtaining a certificate, sue for subsequently accruing rent (Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1319; Pelnorth Constr. Corp. v Gordon, 6 Misc 2d 533; Wokal v Sequin, 167 Misc 463).
Consequently, insofar as respondent’s motion seeks to dismiss the portion of the claim for rent applicable to periods subsequent to such issuance, it is denied. The respondent’s request for an examination before trial is also denied as no special circumstances have been shown to warrant such relief.
Since the counterclaims are related to the main claim and since petitioner has not pointed to any provision in the lease barring the assertion of a counterclaim in a summary proceeding, the motion to dismiss or sever same is denied.