625 A.2d 1208

John RITTENHOUSE and Sally Rittenhouse,
T/A Larchwood Partners,

v.

BARCLAY WHITE INC., Appellant.

Superior Court of Pennsylvania.

Argued March 10, 1993.

Filed May 24, 1993.

502

W. Mark Mullineaux, Wayne, for appellant.

Douglas I. Zeiders, Lansdale, for appellees.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the September 29, 1992 order denying appellant's, Barclay White, Inc. (hereinafter "BWI"), petition to strike or open a confessed judgment. BWI presents the following questions for our review:

1. Did Larchwood breach its lease with Barclay White, Inc., ("BWI") when it failed to provide a legal tenancy to BWI and therefore not have any authority to confess judgment against BWI for its termination of the lease?

2. Did BWI assert a meritorious defense in its petition to open the confessed judgment?

Appellant's Brief at 3. For the foregoing reasons, we affirm.

The relevant facts underlying this appeal are as follows. In April of 1991, appellee John Rittenhouse and Sally Rittenhouse t/a Larchwood Partners (hereinafter "Larchwood") entered into a lease agreement with BWI. Under the lease, BWI was given a leasehold interest in two-thousand-four-hundred square feet of a building located at 601 Washington Street, Conshohocken, Pennsylvania and one acre of adjoining land. The lease was to commence on May 1, 1991 and run through April 30, 1994. Thereafter, in May of 1991, BWI took possession of its leasehold interest. BWI was one of three tenants at the Washington Street property.

In July of 1991, the building inspector for Whitemarsh Township inspected the Washington Street property. Subsequently, on August 29, 1991, Larchwood applied for building alteration and use and multiple-occupancy permits. By letter dated September 25, 1991, the building inspector notified Larchwood that its application had been denied and that a stop work order had been issued. Larchwood was also told that before any application for permits would be approved, Larchwood would have to submit a land development plan. As of November 12, 1991, the permits had not yet been obtained and, consequently, BWI terminated the lease.

On January 22, 1992, Larchwood informed BWI that as a result of its breach, all rent payments under the lease would be accelerated and a judgment by confession would be entered if an amicable resolution of the matter was not reached within ten days. As no resolution was reached, all rents were accelerated and a judgment by confession was taken against BWI on February 26, 1992, in the amount of forty-seven-thousand-two-hundred-fifty-dollars. BWI filed a petition to strike or open judgment on March 16, 1992 which was denied on September 29, 1992. This timely appeal followed.

■ BWI first contends that as it was never given legal possession of the premises by Larchwood, the judgment

should be stricken. This argument is spurious. It is well settled that "[a] confessed judgment is properly stricken only when there is a defect in the judgment apparent on the face of the record." *Davis v. Woxall Hotel, Inc.,* 395 Pa.Super. 465, 468, 577 A.2d 636, 638 (1990) (citations omitted). In the instant action, BWI fails to point to any defects in either Larchwood's complaint requesting confession of judgment or in the confession of judgment itself. Accordingly, we will not disturb the trial court's order denying BWI's motion to strike.

■ BWI next contends that as it has asserted a meritorious defense to Larchwood's confession of judgment, the judgment should be opened. We disagree. Preliminarily, we point out that "[s]ince the decision whether to open a confessed judgment involves an exercise of the equitable power of a court of common pleas, our scope of appellate review of such a decision is limited." *Continental Bank v. Axler,* 353 Pa.Super. 409, 414, 510 A.2d 726, 728 (1986), *appeal dismissed,* 518 Pa. 58, 540 A.2d 267 (1988) (citing *Lalumera v. Nazareth Hospital,* 310 Pa.Super. 401, 456 A.2d 996 (1983)). Hence, the decision of the trial court will not be overturned absent an error of law or a manifest abuse of discretion. *Id.* (citing *Lazzaroti v. Juliano,* 322 Pa.Super. 129, 469 A.2d 216 (1983); *Lalumera,* 310 Pa.Super. 401, 456 A.2d 996). Furthermore, in reviewing a petition to open judgment, "the court should view the proffered evidence in the light most favorable to the petitioner...." *Id.*

■ A judgment taken by confession will be opened only if the petitioner acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury. *Id.* (quoting *Lazzaroti,* 322 Pa.Super. at 133, 469 A.2d at 218). As mentioned above, in making its determination, the trial court should examine the evidence in a light most favorable to the petitioner. *Id.*

Clearly, BWI's petition to strike or open judgment was promptly filed. Accordingly, we will now consider whether BWI's defense has merit. BWI contends that as Larchwood failed to provide appellant with a legal occupancy, Larchwood

had no authority to confess judgment against BWI for its termination of the lease. This argument, however, is without merit.

First, BWI contends that as its occupancy was in violation of the Whitemarsh Building Code, BWI was deprived of its right to possession of the leasehold.[1] We disagree. In the absence of "a lease provision or agreement to the contrary, there are two basic incidents of a tenancy: the right to possession of the leasehold by the tenant and the corresponding right to receive rent payments by the landlord." *2401 Pa. Ave. Corp. v. Fed. of Jewish Agencies*, 319 Pa.Super. 228, 239, 466 A.2d 132, 137 (1983) (citation omitted), *aff'd*, 507 Pa. 166, 489 A.2d 733 (1985). We first point out that BWI took possession of the leasehold at the start of its lease. Although BWI's occupancy of the premises was in violation of the local building code, no enforcement action was ever brought against BWI nor was BWI ever fined for its occupancy. Hence, we do not find that Larchwood's failure to obtain a multiple occupancy permit constitutes a failure to deliver possession.

Next, BWI asserts that Larchwood's failure to obtain a permit for multiple occupancy constitutes a breach of Larchwood's covenant of quiet enjoyment. This Commonwealth has long held that a covenant for quiet enjoyment is breached only when the tenant's actual possession is impaired. *See 2401 Pennsylvania Ave. Corp.*, 319 Pa.Super. 228, 466 A.2d 132. Even where another individual holds a possessory interest superior to that of the tenant, actual or constructive eviction is required before such a breach will be found. *See Derrickheim v. Brown*, 305 Pa.Super. 173, 451 A.2d 477 (1982) (a breach of the covenant for quiet enjoyment does not occur until lessee is evicted from the premises). In the case at bar, appellant was neither evicted nor was his possession impaired. Moreover, the record shows that at the time of BWI's termination of the lease agreement, the township had agreed not to pursue the building code violations in anticipation of Larch-

1. Specifically, BWI points to Larchwood's failure to obtain a multiple occupancy permit for the Washington Street property.

wood's submission of a land development plan. Hence, Larchwood's covenant of quiet enjoyment was not breached.

 Finally, BWI contends that the lease agreement is unenforceable as a contract for an illegal purpose. In adjudicating disputes between landlord and tenant, this Commonwealth applies principles of contract law. *See 2401 Pennsylvania Ave. Corp.*, 319 Pa.Super. 228, 466 A.2d 132; *Pawco, Inc. v. Bergman Knitting Mills, Inc.*, 283 Pa.Super. 443, 424 A.2d 891 (1980). It is well settled that a contract which violates a statute is illegal and will not be enforced. *Fitzpatrick v. Shay*, 314 Pa.Super. 450, 458, 461 A.2d 243, 247 (1983) (citing *Dippel v. Brunozzi*, 365 Pa. 264, 74 A.2d 112 (1950); *Pennsylvania R. Co. v. Cameron*, 280 Pa. 458, 124 A. 638 (1924); *Gramby, et al. v. Cobb*, 282 Pa.Super. 183, 422 A.2d 889 (1980)).

 Here, as Larchwood had not obtained a permit for multiple occupancy of the property, BWI's occupancy of the residence was in violation of the Whitemarsh Township building code. Nonetheless, the lease is not void for illegality. An agreement will be considered void for illegality only where it "*cannot* be performed without violating a statute." *Id.* (emphasis added) (citing *Dippel v. Brunozzi*, 365 Pa. 264, 74 A.2d 112 (1950); *Pennsylvania R. Co. v. Cameron*, 280 Pa. 458, 124 A. 638 (1924); *Gramby, et al. v. Cobb*, 282 Pa.Super. 183, 422 A.2d 889 (1980)). In the instant action, the lease was not, by its terms, *per se* illegal. BWI makes no assertion that had a proper application been filed with the building inspector, a permit would not have been forthcoming. Moreover, the record indicates that Larchwood was in the process of reapplying for the multiple occupancy permit at the time of BWI's termination of the lease. Hence, Larchwood's lease was valid and enforceable.[2] Accordingly, we affirm the trial court's order denying BWI's petition to strike or open judgment.

Order affirmed.

2. Our holding today is in accord with a recent New York Case, *Ying Lung Corp. v. Medrano*, 123 Misc.2d 1074, 475 N.Y.S.2d 772 (1984), where the court held that "leasing premises for which a certificate of occupancy has not been issued does not void a lease...." *Id.* at 1075,

475 N.Y.S.2d at 773. *See also Elkar Realty Corp. v. Mitsuye T. Kamada,* 6 A.D.2d 155, 157, 175 N.Y.S.2d 669, 671 (1958), *appeal dismissed,* 5 N.Y.2d 844, 181 N.Y.S.2d 786, 155 N.E.2d 669 (1958).