J-A02042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| XIAN DAI LIANG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT HUTNYK, BARBARA HUTNYK AND BILL TAM | |
| | No. 965 EDA 2016 |

Appeal from the Order Dated February 11, 2016
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): 150301623

BEFORE: OTT, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 17, 2017**

Appellant, Xian Dai Liang, appeals from the order entered in the Philadelphia County Court of Common Pleas granting the motion for summary judgment of Appellee, Bill Tam.[1] Appellant contends that the trial court erred by declining to find the lease at issue void as against public policy and thereby unenforceable. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. **See** Trial Ct. Op., 6/2/16, at 1-3. In this timely appeal, Appellant raises the following issue for review: "[w]hether the [trial] court erred in granting summary judgment pursuant to a lease that delegated [Appellee's]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant subsequently settled her claims against Robert and Barbara Hutnyk. **See** Civil Docket Sheet (R.R. 16(a)).

duty for removing snow and ice from his property's front sidewalk ["the Lease"], when the Lease was formed in violation of municipal ordinances and public policy, and therefore is void under Pennsylvania law and irrelevant to [Appellee's] duty as a landowner to remove snow and ice from his property's front sidewalk?" Appellant's Brief at 10.

Appellant argues that because Appellee "never obtained a Housing Rental License, a Commercial Activity License, or a Business Income and Receipts Tax Number, he was not authorized to lease the residential property where [Appellant] slipped and fell." *Id.* at 14. Thus, according to Appellant, the Lease was void upon formation. Therefore, Appellant contends Appellee remained responsible for the removal of snow and ice from his property because the Lease provision delegating such duty was void. We conclude no relief is due.

Our standard of review is well settled:

> [o]ur review of the trial court's grant of summary judgment is plenary. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We must view the record in the light most favorable to the opposing party and resolve all doubts as to the existence of a genuine issue of material fact in favor of the nonmoving party. We will reverse the trial court's grant of summary judgment only upon an abuse of discretion or error of law.

***412 North Front Street Assocs., LP v. Spector Gadon & Rosen, P.C.***, 151 A.3d 646, 660 (Pa. Super. 2016) (citation omitted).

It is beyond cavil that "a contract which violates a statute is illegal and will not be enforced." **Rittenhouse v. Barclay White Inc.,** 625 A.2d 1208, 1211 (Pa. Super. 1993) (citations omitted). However, "an agreement will be considered void for illegality only where it **cannot** be performed without violating a statute." **Id.** (citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude the trial court's opinion comprehensively discusses and properly disposes of the sole issue presented. **See** Trial Ct. Op. at 3-6 (finding that the Lease was not *per se* illegal because none of the provisions of the Philadelphia Code cited by Appellant prohibited the parties from entering into the Lease; therefore, the Lease operated to release Appellee from the duty to remove snow and ice from his property). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017

- 3 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| XIAN DAI LIANG,<br>            Plaintiff, | Case No. 150301623 |
| v. | 965 EDA 2016 |
| ROBERT HUTNYK, BARBARA HUTNYK,<br>AND BILL TAM,<br>            Defendants. | |

## OPINION

Plaintiff Xian Dai Liang appeals from the trial court's February 11, 2016 order granting Defendant Bill Tam's Motion for Summary Judgment and entering judgment in favor of Defendant and against Plaintiff. On appeal, Plaintiff asserts the trial court erred in granting summary judgment because a lease agreement – which delegated to Defendant's tenants the responsibility for removing snow and ice from the sidewalk – was formed in violation of municipal ordinances and was void as against public policy. For the reasons stated below, the Superior Court should affirm the trial court's order granting summary judgment.

## FACTUAL BACKGROUND

Plaintiff filed a negligence action against Defendant for injuries that Plaintiff suffered as a result of her falling on snow and ice on a sidewalk located at 8410 and 8412 Large Street, Philadelphia, Pennsylvania. Defendant owns the property located at 8412 Large Street, which he had leased to tenants since 2007. The lease agreement provided, in pertinent part, that "Lessee shall be jointly liable for snow removal with other lessees from sidewalk and common areas of premises." *See* Motion for Summary Judgment, Defendant's Exhibit C, Residential Lease Form, ¶ 34 at p.5.

Liang Vs Hutnyk Etal-OPFLD

15030162300089

Defendant filed a motion for summary judgment on the basis that he was a landlord out of possession and that the lease agreement provided that his tenants were responsible for snow removal. As such, Defendant argued that he had no duty to clear the snow and ice from the sidewalk and that he was entitled to summary judgment as a matter of law.

In response to Defendant's motion for summary judgment, Plaintiff argued that the lease agreement was void as against public policy and thus did not relieve Defendant of his duty to clear snow and ice from the sidewalk of his property. Specifically, Plaintiff averred that Defendant failed to comply with the following requirements that residential landlords must obtain before leasing any property: 1) a housing rental license; 2) a commercial activity license; 3) a business tax account number; and 4) a federal tax identification number.[1] Plaintiff argues that these requirements "are not mere formalities [but] rather the[y] fulfill the public policy of securing the 'documented rights' of tenants 'regarding safety and health standards.'" Plaintiff's Motion to Reconsider and Vacate the Court's Order of February 11, 2016, at 5. Plaintiff also averred that Defendant failed to pay certain taxes.

As a result of these violations, Plaintiff argued that the lease agreement was an illegal, unenforceable and void contract because it violated public policy. Without a valid lease agreement, Plaintiff argued that no landlord-tenant relationship existed and, therefore, Defendant

---

[1] Chapter 9-3900 of The Philadelphia Code, Property Licenses and Owner Accountability, states that: "[t]he owner of any dwelling unit, multiple family dwelling, rooming house, dormitory, hotel, one-family dwelling, two-family dwelling, or rooming unit let for occupancy must obtain a rental license." § 9-3902(1)(a). In order to apply for a housing rental license, a person must first obtain a Philadelphia Business Income and Receipts Tax Number and a Philadelphia Commercial Activity License, required for every person desiring to do business within the City of Philadelphia. *See* Housing Inspection/Rental License Application Instructions, City of Philadelphia, Department of Licenses and Inspections (L & I). L & I is authorized to suspend a license for failure to comply with the requirements of this Code, and "[a]ny owner who fails to obtain a rental license as required by § 9-3902 . . . shall be denied the right to recover possession of the premises or to collect rent during or for the period of noncompliance or during or for the period of license suspension." § 9-3901(4)(e). Moreover, any violation of a provision of the Code or a certificate issued thereunder may result in written notice of violation by a code official. SubCode "A" The Philadelphia Administrative Code, Section A-502.

cannot invoke the general rule that a landlord out of possession is not liable for injuries suffered on a leased premise.

Significantly, Plaintiff did not argue that – if the lease agreement was valid – any of a number of exceptions to the general rule of non-liability for landlords out of possession applied, *e.g.*, the "reserved control" exception or that Defendant failed to disclose a dangerous condition to the lessee at the time of transferring possession. *See generally Henze v. Texaco, Inc.*, 508 A.2d 1200 (Pa. Super. Ct. 1986) (identifying six exceptions to the general rule of non-liability for landlords out of possession). Instead, Plaintiff opposed Defendant's motion for summary judgment solely on the basis that Defendant cannot be considered a landlord because the lease agreement was void as against public policy.

## DISCUSSION

"Summary judgment is proper only where there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law." *Bailets v. Pennsylvania Turnpike Commission*, 123 A.3d 300, 304 (Pa. 2015). "In considering a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue exists are resolved against the moving party." *Id.* The question of "whether there are material facts in issue and whether the moving party is entitled to summary judgment are matters of law." *Id.* As such, the scope of review by the appellate court is *de novo. Id.*

It is well-settled that contracts that violate public policy are unenforceable. *Bowman v. Sunoco, Inc.*, 986 A.2d 883, 886 (Pa. Super. Ct. 2009). The "power of [the] courts to formulate pronouncements of public policy is sharply restricted . . . ." *In re Baby S*, 128 A.3d 296, 303 (Pa. Super. Ct. 2015) (quoting *Olympus Corp. v. Canady*, 962 A.2d 671, 676-76 (Pa. Super. Ct. 2008)). "Only in the clearest cases, therefore, may a court make an alleged public policy the

basis of judicial decision. The standard for deciding a case on strict public policy grounds is unquestionably high." *Id.*

More specifically, in determining whether a contract violates public policy, the court is mindful that "public policy is more than a vague goal which may be used to circumvent the plain meaning of" the contract, and that public policy "is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." *Hall v. Amica Mut. Ins. Co.*, 648 A.2d 755, 760 (Pa. 1994) (quoting in part *Muschany v. United States*, 342 U.S. 49, 66-67 (1945)). It is also well-settled that a contract that violates a statute is illegal. *O'Brien v. O'Brien Steel Construction Co.*, 271 A.2d 254, 256 (Pa. 1970). "An agreement that cannot be performed without violating a statute is illegal and will not be enforced. However, it must appear that the subject of the agreement is specifically proscribed by statute." *Fitzpatrick v. Shay*, 461 A.2d 243, 247 (Pa. Super. Ct. 1983) (citations omitted).

In *O'Brien*, the Pennsylvania Supreme Court rejected a claim that a contract was void and unenforceable as a result of the contracting party's failure to comply with federal tax law related to insurance proceeds that the party received as a result of a contract. 271 A.2d at 256. The court noted that the agreement "to transfer their stock was, in itself, wholly legal." *Id.* The court further noted that "[n]o party to the contract promised to conceal or compound any crime or to violate any statute." *Id.* Thus, the court concluded that "[n]o sound public policy suggests that we hold a contract unenforceable merely because one of the parties misreports or fails to report the transaction to the appropriate taxing authority." *Id.*

Similarly, in *Contractor Industries and Acceptance Corporation v. Zerr*, the Superior Court rejected a claim that a contract to install a swimming pool was void and unenforceable where the pool was installed in violation of a local ordinance. 359 A.2d 803, 807 (Pa. Super. Ct. 1976). The court held that – given the parties contracted for the installation of a swimming pool

– "neither the subject matter of the contract, nor its performance, was illegal." *Id.* The court noted that, "[a]t most what is involved here is a collateral illegality that does not affect the enforceability of the contract. . . . Violation of a municipal ordinance may sometimes render a contractual bargain illegal, but this is so where either the formation or performance of the contract is forbidden." *Id.*

Finally, in *Rittenhouse v. Barclay White, Inc.*, the Superior Court rejected a claim that a lease agreement was unenforceable as a contract for an illegal purpose because the owner of the property failed to obtain a permit for multiple occupancy of the property, which was a violation of the township's municipal building code. 625 A.2d 1208, 1211 (Pa. Super. Ct. 1993). The court noted that an "agreement will be considered void for illegality only where it 'cannot be performed without violating a statute.'" *Id.* (quoting *Fitzpatrick v. Shay*, 461 A.2d 243, 247 (Pa. Super. Ct. 1983)). The court held that the lease agreement was not void for illegality because the "lease was not, by its terms, *per se* illegal." *Id.*

Here, neither the subject matter of the contract (renting a property as a personal residence) nor the performance of the contract (tenants taking possession and control of the property in return for assuming certain responsibilities and obligations, including snow and ice removal) were illegal. Moreover, none of the provisions of the Philadelphia Code identified by Plaintiff proscribe the parties from entering into a lease agreement for residential property. Thus, the lease agreement was not *per se* illegal. Although Defendant's lack of licensing and failure to pay taxes may subject him to fines and other penalties, those issues are collateral to the validity of the lease agreement between Defendant and tenants. As such, the lease agreement was a valid and enforceable contract.

Given that the lease agreement was valid and enforceable, there is no dispute that Defendant (1) was as a landlord out of possession, (2) had no duty to clear the sidewalk of snow

and ice, and (3) was not liable for any injuries plaintiff sustained. *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. Ct. 2007) ("As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons.").

CONCLUSION

Based on the foregoing, the Superior Court should affirm the trial court's order granting Defendant's motion for summary judgment.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: June 2, 2016