J-A06040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER RICHETTI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GLENN A. ELLIS AND CARLY A. ELLIS, D.O. | |
| Appellants | No. 353 EDA 2015 |

Appeal from the Judgment Entered December 24, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2013 No. 02703

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 27, 2017**

Appellants, Glenn A. Ellis and Carly A. Ellis, D.O., appeal from the judgment entered December 24, 2014, following a jury trial.[1]  We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 9/7/16, at 1-7.  In March 2013, Christopher Richetti ("Appellee") filed a landlord tenant complaint against Appellants in the Philadelphia Municipal Court.  In May 2013, the court found in favor of Appellee.  Appellants

_____

[1] We note that appeals are not properly taken from orders denying post-trial motions or exceptions.  **See** Pa.R.A.P. 301; Pa.R.C.P. 227.4; **see also Becker v. Reilly**, 123 A.3d 776 (Pa. Super. 2015) (noting that orders denying post-trial motions are interlocutory and not ordinarily appealable; the subsequent judgment is the final, appealable order).  Judgment was entered December 24, 2014.

appealed to the Philadelphia Court of Common Pleas. Subsequently, Appellee filed a complaint, claiming breach of contract for failure to pay rent and seeking attorney's fees, fines, and recovery for damage to the property in question.

Appellants filed preliminary objections to the complaint, which were overruled. Appellee filed an amended complaint. Appellants filed an answer with new matter and counterclaims to the complaint. They claimed that Appellee had not obtained a housing inspection license or a certificate of rental suitability prior to the inception of the lease and raised, as counterclaims, breach of contract with respect to those obligations and breach of the lease. Appellants sought a return of the rent paid during the time the landlord did not provide them with a certificate and a monetary award based on an alleged violation of their right to quiet enjoyment.

In August 2014, the matter proceeded to jury trial. Appellee testified that he entered into a rental lease with Appellants, commencing July 2012 and expiring July 2013, with monthly rent of $2,550.00. **See** Amended Complaint, "Exhibit D," Residential Lease ("Lease"). Appellee possessed a business privilege license, a housing inspection license, and certificates of rental suitability for the period of January to March 2013.[2] He delivered the

_____

[2] One housing inspection license was issued August 24, 2012, and expired February 28, 2013; the other was issued February 9, 2013, and expired February 29, 2014. One certificate of rental suitability was issued December
*(Footnote Continued Next Page)*

certificate of rental suitability and accompanying City of Philadelphia handbook to Appellees on December 17, 2012, leaving a copy in the mailbox of the property.

The relationship between the parties soured, and Appellee hired an attorney. Appellants paid a pet deposit for a cat; however, Appellee subsequently discovered Appellants owned a large dog. Appellant, Mr. Ellis, often behaved in an erratic and threatening manner. Appellants accumulated outstanding water bills, trash violations, a bounced check, and unpaid rent from January to March of 2013.

Appellee filed a landlord tenant complaint in the Philadelphia County Municipal Court in March 2013, seeking to evict Appellants. Prior to the court's determination, Appellants vacated the property in April 2013. The property required extensive repairs, cleaning, and painting after Appellants left. Appellee submitted documentation of these costs. The first attorney hired to represent Appellee in connection with the matter billed $10,745.00, and the second attorney billed $8,781.66.

Mr. Ellis testified that Appellee was the hostile party and denied threatening him. The property was burglarized in December 2012, which led to Appellants' moving out in April 2013. Further, Mr. Ellis claimed he left the property in good condition and presented video and photographs taken the

_(Footnote Continued)_ ──────────

17, 2012, and expired February 15, 2013. The other certificate was issued March 2, 2013, and expired May 1, 2013.

day he vacated the premises. He denied receiving the handbook and stated he did not receive the certificate of rental suitability until February 27, 2013. Dr. Ellis testified that the landlord "acted like a lunatic" when he found out about the dog. She supported Mr. Ellis' testimony regarding the break in and also claimed that the home had been left in good condition.

Appellants moved for a directed verdict on their counterclaim, seeking recovery of six months' worth of rent, a security deposit, and last month's rent. The court denied this motion. Subsequently, the jury found in favor of Appellee in the amount of $26,951.08, including unpaid rent, attorneys' fees, and other costs, which the court subsequently molded to $21,601.08. The jury rejected Appellants' counterclaims. Appellants filed a motion seeking post-trial relief. Appellee filed an answer in opposition. The court denied Appellants' motion.

Appellants timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.[3]

On appeal, Appellants raise the following issues for our review:

1. Did the trial court err in not granting [Appellants'] motion for nonsuit and allowing the jury to award attorney['s fees] since the lease did not expressly allow for attorney['s] fees and [Appellee] failed to meet its burden of establishing that the fees

_____

[3] On February 20, 2015, by *per curiam* order, this Court stayed the matter due to the filing of a suggestion of bankruptcy. The stay was lifted May 26, 2015.

- 4 -

requested were reasonable and related to the breaching of the lease?

2. Did the trial court err in allowing the jury to award any damages, including attorney['s] fees, incurred before [Appellee] obtained the required [] housing license and certificate of rental suitability and handbook?

3. Did the trial court err by not entering nonsuit in favor of [Appellants] on [Appellee's] breach of contract claim?

4. Did the trial court err in [] granting judgment on [Appellants'] claim for disgorgement of illegal rents [Appellee] had collected?

5. Did the trial court err in not granting [Appellants'] preliminary objections and motion for nonsuit on [Appellee's] claim for property damages?

6. Did the trial court err in denying [Appellants' motion] for judgment NOV on [Appellee's] contract claim because even if the law allowed for subsequent compliance to cure a contractual defect, the evidence established that [Appellee] did not ever comply with the Code?

7. Did the trial court err in commit[ting] numerous procedural and evidentiary errors that warrant a new trial?

Appellants' Brief at 4.

First, Appellants claim that the trial court erred in denying their motion for nonsuit and allowing the jury to award attorney's fees. *See* Appellants' Brief at 9. They contend that the lease did not expressly allow for attorney's fees and Appellee failed to meet his burden of establishing that the fees were reasonable and related to the breaching of the lease. *Id.*

The Pennsylvania Rules of Civil Procedure provide that in an action involving only one plaintiff and one defendant, the court may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on

liability, the plaintiff has failed to establish a right to relief. **See** Pa.R.C.P. 230.1(a)(1).

> The purpose of a motion for compulsory nonsuit is to allow the defendant to test the sufficiency of the plaintiff's evidence. An order denying a motion to remove a compulsory nonsuit will be reversed on appeal only for an abuse of discretion or error of law. A trial court's entry of compulsory nonsuit is proper where the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action, and it is the duty of the trial court to make a determination prior to submission of the case to a jury.

**Dietzel v. Gurman**, 806 A.2d 1264, 1268 (Pa. Super. 2002) (internal citations and quotations omitted).

However, where a defendant presents evidence following the denial of a motion for nonsuit, the propriety of the trial court's denial is rendered a moot issue. **See Williams v. A-Treat Bottling Co, Inc.**, 551 A.2d 297, 299 (Pa. Super. 1988).

Here, Appellants raised a motion for nonsuit "in regards to the legal fees," which the trial court denied. **See** N.T., 8/12/14, at 79-80. However, as noted above, the denial of a nonsuit is unappealable where the defendant has presented evidence following that denial. **Williams**, 551 A.2d at 299. Here, both Mr. Ellis and Dr. Ellis testified following the denial of the nonsuit. **See** N.T., 8/12/14, at 82-113. Accordingly, the propriety of the court's order is a moot issue. **Williams**, 551 A.2d at 299.

In their second issue, Appellants argue that the court erred in permitting the jury to award damages or fees for any period during which

- 6 -

Appellee was not in compliance with the Philadelphia Property Maintenance Code. ***See*** Appellant's Brief at 18-20. Appellants contend that a landlord cannot maintain a claim against a tenant for money applicable to a period of time before the issuance of the required certification, license, or permit. ***Id.*** at 20. Initially, we note that Appellants refer to rents already paid to Appellee. Despite their characterization of the jury's "award of damages" as containing rents prior to 2012, Appellee sought only rent from January, February, and March of 2013.

A trial court's application of a statute is a question of law. ***See Commonwealth v. Estman***, 868 A.2d 1210, 1212 (Pa. Super. 2005). Our standard of review is limited to a determination of whether the trial court committed an error of law. ***Id.***

The Philadelphia Property Maintenance Code, Subsection PM, of the Building Construction and Occupancy Code, governs the licensing requirements for rental properties.[4] The Code provides that no person may offer for rent a one-family dwelling without first obtaining a housing inspection license from the Department of Licenses and Inspections. ***See*** Philadelphia Code, PM-102.1. Further, no person shall collect rent with respect to any property required to be licensed pursuant to the Code unless

---

[4] At the time the suit was filed, a prior version of the Property Maintenance Code was in effect.

a valid license is issued for each property. **See** Philadelphia Code, PM-102.6.4. At the inception of each tenancy,

> an owner shall provide to the tenant a Certificate of Rental Suitability issued by the Department no more than sixty (60) days prior to the inception of the tenancy along with a copy of the owner's attestation to the suitability of the dwelling unit as received by the department and a copy of the "City of Philadelphia Partners for Good Housing Handbook" issued by the Department and any succeeding documents.

**See** Philadelphia Code, PM-102.6.4. Further, tenants of properties subject to the provisions of the Code may bring action against the owner of a property *to compel compliance* with the Code. **See** Philadelphia Code, PM-102.7.4 (emphasis added).

Accordingly, based on the above, the Code provides the following: 1) landlords must obtain housing inspection licenses; 2) landlords may not collect rent unless a valid license is issued for the property; 3) landlords must provide tenants with certificates of rental suitability and the partners for good housing handbook; 4) tenants may bring action against a landlord to compel compliance with the Code. The Code does not provide for a means of recovery by tenants for rents paid or damages made while the landlord was *not* in compliance with the Code, nor does it prohibit landlords from collecting back rent after returning to compliance.

Appellant contends that a landlord cannot maintain a claim for money applicable to a period of time before the issuance of the required certification, license, or permit. He cites in support ***Rittenhouse v. Barclay***

*White, Inc.*, 625 A.2d 1208 (Pa. Super. 1993). However, that case does not support his contention. The *Rittenhouse* Court held that although the occupancy of a residence was in violation of a building code, the lease was not void for illegality because said lease could be performed without violating the statute and was not *per se* illegal. *Id.* at 1211. Similarly the Court, in finding the lease valid and enforceable, noted that the defendant made no assertion that a permit would not have been forthcoming had the proper application been filed. *Id.* at 1211. Further, at the time of defendant's termination of the lease, the landlord was in the process of reapplying for a multiple occupancy permit. *Id.* at 1211. Thus, although the landlord did not have the proper permit, the lease itself was valid and enforceable, and could be performed without violating the statute. *Id.*

Here, the trial court concluded that the Code entitled the landlord to collect unpaid rent after he provided the certificate and handbook to the tenants, and that the Lease itself was valid and enforceable. We see no error in this conclusion. *Estman*, 868 A.2d at 1212; *Rittenhouse*, 625 A.2d at 1210-11.

Third, Appellants claim that the trial court erred in denying their motion for nonsuit to Appellee's breach of contract claim. *See* Appellants' Brief at 23. Appellants argue that the lease was not valid because: 1) Appellee failed to comply with the licensing requirements of the maintenance code; 2) the lease violated public policy; 3) it was irrelevant that Appellee obtained the license and certification after the commencement of the

tenancy; and 4) the unpublished memorandum opinions relied upon by the lower court did not support its opinion. *Id.* at 23-32. As discussed above, Appellee established a *prima facie* case for breach of contract based upon the presentation of the lease, breach, and damages. Nevertheless, Appellants contend that the lease itself was unenforceable and invalid because of the reasons listed *supra*. However, as discussed above, Appellants may not appeal the denial of a nonsuit after presenting evidence. Accordingly, the propriety of the court's order is a moot issue. ***Williams***, 551 A.2d at 299.

Fourth, Appellants claim that the trial court erred in granting judgment on their claim for disgorgement of "illegal rents" Appellee had collected. ***See*** Appellants' Brief at 32. This argument is waived for failure to cite to applicable authorities, as none of the cases cited by Appellants are controlling precedent from Pennsylvania, nor do they discuss applicable Pennsylvania law. ***See*** Pa.R.A.P. 2119(a)-(c); ***see also Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Next, Appellants claim that the court erred in denying Appellants' preliminary objections and motion for nonsuit on Appellee's claim for property damage. ***See*** Appellants' Brief at 33. However, Appellants' sole citation to the record in support of this claim is a portion of the record containing the court's charge to the jury. ***See*** N.T., 8/13/14, at 12. The

court instructed the jury that Appellants moved out of the Property on April 5, 2013, that notice of the damages was provided May 20, 2013, and that the jury could determine whether the alleged damages was a material deviation from the requirements set forth in the lease. *Id*. Appellants' argument consists of two sentences and a conclusion, and does not cite to any authority to support this position. Accordingly, we find that Appellants have waived this issue on appeal. *See* Pa.R.A.P. 2119(a)-(c); *see also Knox*, 50 A.3d at 748.

Next, Appellants claim that the court erred in denying their motion for judgment notwithstanding the verdict on Appellee's contract claim because even if the law allowed for subsequent compliance to cure a contractual defect, the evidence established that Appellee did not comply with the Code. *See* Appellants' Brief at 33. Appellants contend that "[Appellee's] story is one contrived to satisfy litigation needs." *Id.* at 34. This is an issue of credibility, which is properly before the jury as factfinder. *See Ecksel v. Orleans Const. Co.*, 519 A.2d 1021, 1028 (Pa. Super. 1987) (noting that a factfinder's findings with regard to the credibility and weight of the evidence will stand unless an appellant can show that the determination was "manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence."). We decline to disturb this finding on appeal.

Next, Appellant claims that the trial court committed numerous procedural and evidentiary errors that warrant a new trial. However, Appellants did not preserve these claims. *See* Pa.R.C.P. 227.1(c) (noting

that post-trial motions must be filed within ten days after a jury verdict); *see also Chalkey v. Roush*, 757 A.2d 972, 975 (Pa. Super. 2000) (citing Pa.R.C.P. 227.1 and noting that grounds not specified in the post-trial motion are deemed waived unless leave is granted upon cause shown to specify additional grounds).

These evidentiary issues were not properly preserved and raised in their post-trial motion, filed August 22, 2014, which mentions only that the court should have allowed Appellants to cross-examine Appellee with emails from Appellee's attorney. However, Appellants cited no law in support of this contention, nor did they develop an argument. A fully developed argument first appears in a reply brief in support of Appellants' post-trial motions, filed December 19, 2014, nearly four months later. Accordingly, Appellants have waived these issues for purposes of appeal. *See* Pa.R.C.P. 227.1; *see also Paul v. Lankenau Hosp.*, 569 A.2d 346, 349 (Pa. 1990) (noting that boilerplate assertions fail to meet specificity requirements of the rule, because the lower court must know what it is being asked to decide).

Finally, Appellant has filed a motion for leave to supplement the record, based upon oral argument before this Court, which is hereby denied.

Motion to supplement the record denied. Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/27/2017</u>