J-A05032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH W. PILCHESKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHEILA M. HARTMAN AND MARY | : | No. 783 MDA 2021 |
| CHILIPKO | : | |

Appeal from the Order Entered April 15, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2021-CV-042

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: MARCH 24, 2022**

Plaintiff/Appellant, Joseph Pilchesky, appeals *pro se* from the order entered in the Court of Common Pleas of Lackawanna County, the Honorable James Gibbons presiding,[1] granting the motion to dismiss his civil action against Defendants/Appellees Sheila M. Hartman and Mary Chilipko.  We affirm.

The instant appeal concerns Pilchesky's dismissed civil action alleging Defendants/Appellees tortiously aided a criminal investigation into whether he

---

[*] Former Justice specially assigned to the Superior Court.
[1] Judge Gibbons also presided over both Mr. Pilchesky's underlying criminal trial and the first civil action he filed against Defendants/Appellees in 2019, as discussed *infra*.

was engaged in the illicit practice of law and, subsequently, testified against him at his 2018 criminal trial. On October 16, 2018, the jury convicted Pilchesky of three counts of Unauthorized Practice of Law, 42 Pa.C.S.A. § 2524(a).[2] On January 2, 2019, the trial court sentenced him to a combined period of probation of two years, together with an order of restitution in the amount of $1,000.00. *See Commonwealth v. Pilchesky*, 237 A.3d 1036 (Pa. Super. 2020), *appeal denied*, 250 A.3d 474 (Pa. 2021).

According to Pilchesky's present civil complaint, filed in 2021, Defendants/Appellees had solicited his help with their "personal and private problems" knowing that he was not an attorney and did not hold a license to practice law. Nevertheless, they cooperated with an Office of the Attorney

---

[2] The unauthorized practice of law is governed by 42 Pa.C.S.A. § 2524 which states, in relevant part, as follows:

> **General rule.**-- ... [A]ny person, including, but not limited to, a paralegal or legal assistant, who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 (relating to professional corporations), commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

42 Pa.C.S.A. § 2524(a). "Accordingly, one who is not an attorney yet practices law violates this provision." *Commonwealth v. Pilchesky*, 151 A.3d 1094, 1100 (Pa. Super. 2016) (citation omitted).

General ("OAG") investigation into whether Pilchesky was practicing law unlawfully, and they later served as Commonwealth witnesses at his trial. As a result, the complaint asserted, they are liable for breach of confidence, invasion of privacy, defamation, perjury, unjust enrichment, and deprivation of constitutional rights.

In response, Defendants/Appellees filed a Motion to Dismiss the Complaint, with an accompanying Memorandum of Law, setting forth enumerated facts alleging the complaint advanced virtually identical claims to those raised in Pilchesky's failed 2019 civil action brought against them during his probationary period.

In the previous 2019 civil action, over which Judge Gibbons also presided, the Commonwealth had responded to then-probationer Pilchesky's complaint by asking the trial court to enhance the punitive conditions of his probation in light of his continued harassment of Defendants/Appellees through a nuisance suit. The trial court subsequently explained to Pilchesky that well-settled decisional law instructs that no civil liability may attach to alleged libelous or defamatory statements made in contemplation of proceedings or at trial where such statements were pertinent, relevant, and material to any issue therein raised. ***See Post v. Mendel***, 507 A.2d 351, 355 (Pa. 1986) (judicial privilege is applicable to "communications made prior to the institution of proceedings" if such communications were "pertinent and material" and "ha[d] been issued in the regular course of preparing for

contemplated proceedings."), and **Clodgo by Clodgo v. Bowman**, 601 A.2d 342, 344 (Pa. Super. 1992). **See also Greenberg v. McGraw**, 161 A.3d 976, 982 (Pa. Super. 2017) (recognizing absolute protections extend to statements made by private parties to law enforcement officials for the purpose of initiating the prosecution of criminal charges) (citing **Pawlowski v. Smorto**, 588 A.2d 36, 42 (Pa. Super. 1991)).

As Judge Gibbons had also presided over Pilchesky's criminal trial and observed the jury's presumptive finding that Defendants/Appellees had cooperated honestly with the OAG's ongoing investigation into Pilchesky and testified truthfully under subpoena, he concluded that Pilchesky's 2019 suit was frivolous. Accordingly, the trial court entered its Memorandum and Order of May 31, 2019, directing Pilchesky to withdraw his civil action because the Defendants/Appellants were immune from the alleged liabilities raised in the suit. Given the Commonwealth's motion and the trial court's admonishments and ensuing Order, Pilchesky withdrew his 2019 civil action.

Based on this underlying procedural history, the trial court ordered the parties to appear for an April 15, 2021, hearing regarding Pilchesky's 2021 action, which now comprised the complaint, Defendants/Appellees' motion to dismiss, and Pilchesky's motion to strike the Defendants/Appellees' motion to dismiss as noncompliant with the Pennsylvania Rules of Civil Procedure.

At the outset of the hearing, the trial court confronted Pilchesky with the concern that his present civil action was no different from its frivolous

2019 predecessor.  Acting *pro se*, Pilchesky admitted on the record that the complaints were effectively the same and further conceded that Defendants/Appellees had testified truthfully at his criminal trial.

Nevertheless, and without citation to authority that would distinguish his case from **Post**, **Clodgo**, and **Greenberg**, he claimed that his causes of action were viable because he had explained to Defendants/Appellees that he would engage in the unlawful practice of law on their behalf in exchange for their promise that they would tell no one.  Therefore, he maintained, they had breached duties owed to him when they provided incriminating answers to OAG investigators' questions and testified similarly at trial.

The following excerpt details the dialogue between the trial court and Pilchesky regarding the court's prior order that he refrain from further action aimed at Defendants/Appellees for their role as Commonwealth witnesses in his criminal trial because the law immunized them from any civil action founded upon their testimonies:

> **THE COURT:**     So you filed this complaint against these people and they are seeking to dismiss it based upon my memorandum and order when you had filed an action against them previously, and my memorandum and order was filed on May 31, 2019.
>
> I directed you at the time to withdraw your civil action against these defendants on the basis that they are immune from suit and you complied.  And then I further directed that you should have no further contact with either one of them and you didn't really comply with that because you turned around and sued them again after your probation lapsed.

**MR. PILCHESKY:** Because I considered that a condition of probation.

**THE COURT:** Well, you may have considered it that, okay, I did not impose it as a condition of probation.

**MR. PILCHESKY:** What else would it be?

**THE COURT:** It was a direction not to have any contact with either one of them.

**MR. PILCHESKY:** I took that as a condition of bail.

**THE COURT:** Well, irrespective of how you took it, okay, it was a direction not to have any contact with either one of them, but then you turn around and sued them again for essentially the same thing based upon their testimony here in this courtroom [at Mr. Pilchesky's criminal trial].

**MR. PILCHESKY:** No, not based upon the testimony, the things they did outside of the testimony, things that happened before – before I was even arrested.

**THE COURT:** No.

**MR. PILCHESKY:** Well, this woman's cause of action for perjury or actions related to they said one thing and then they conflicted in their testimony and said another thing, but the other – the other thing was for breach of confidence and –

**THE COURT:** Which is what you sued them for the last time.

**MR. PILCHESKY:** Yeah, it's the same thing.

**THE COURT:** Yeah, and they still have immunity for that.

**MR. PILCHESKY:** Well if they still have immunity for it then they still do.

**THE COURT:** Well, look, the bottom line is you are not allowed to sue them because of the fact that they testified against you. You can try to couch it on however you want to couch it but the immunity is there.

**MR. PILCHESKY:** Here's how the immunity applies to something that happens even prior to me being arrested, if you read the e-mail that Mrs. Chilipko has an exhibit, and we had an early discussion when she first contacted me and said, you know, had all of these problems on behalf of Ed, you know, because he was in bad shape and – and Meredith. I put it right in the e-mail I can help you but this is not legal to help you. That's my understanding of the law back then –

**THE COURT:** That has nothing to do –

**MR. PILCHESKY:** And you have to – you have to cover me. If I'm going to do this you have to cover me, but there was an agreement there that she would not rat on me is the way I looked at it.

**THE COURT:** She was subpoenaed to Court, she was placed under oath and she testified in Court and that's why you sued them because of what happened here in Court. You sued them because they testified against your interest and you got convicted. You can't sit there and tell me that if you had never been arrested or charged that we would be sitting here today because you would have sued them. It's all because they were called to Court to testify.

**MR. PILCHESKY:** Well, they had to contribute to a lot more than that, they had to contribute to the circumstances. They had talked to the Attorney General's Office long before the trial and those are the – those are the facts that I got arrested on what they – what they said.

**THE COURT:** And those are the facts that they testified to here in the courtroom.

. . .

Listen, the fact of the matter is they were brought to Court, they testified and you can't sue them for that because they are immune, and you can try and dress it up however you want to dress it up, but the bottom line is they are subpoenaed, they testified, the jury believed them. Whether you believe them or not doesn't matter. You cannot turn around and sue them for what they testified to here in Court.

**MR. PILCHESKY:** I understand that.

**THE COURT:** I thought it was the end of back [sic] in 2019.

. . .

**MR. PILCHESKY:** I'm not suing them for their testimony. I sued them because they came to me, they needed help and I told them, "I can't help you. In order for me to help you, you are soliciting me to break the law. In order for me to help you I have to break the law and you have to keep your mouth shut."

And then they didn't.

**THE COURT:** Because they were subpoenaed.

**MR. PILCHESKY:** There was an agreement –

**THE COURT:** -- because they were subpoenaed and they were put under oath –

**MR. PILCHESKY:** Because they talked to the Attorney General's Office and the Attorney General's Office talked to about 50 people and most of them said people said, "No, Joe helped me, I'm not bringing him down."
. . .

**THE COURT:** So you are retaliating against them because you got arrested, and you got arrested and convicted because of their testimony here in Court. That's what happened.

**MR. PILCHESKY:** You are looking at it – you're looking at it that way, I'm looking at differently [sic].

**THE COURT:** [] I have to look at things through the prism of what the law is, and the law says you cannot sue people based upon their testimony in Court. So I'm telling you, I told you once before two years ago that you couldn't and now I'm telling you again you can't.

. . .

**MR. PILCHESKY:** [I sued them] [b]ecause they came to me for help and knew I was going to break the law to help them and

- 8 -

then they turn on me. It's like giving somebody a ride somewhere and then when you get to the end of the ride they rob you. It's not right.

**THE COURT:** You can blame them as much as you want. The fact of the matter is you got prosecuted for doing something against the law. The jury found you guilty. They didn't turn on you, they were subpoenaed to come to Court and tell the truth and they did tell the truth and that's what the jury based it's [sic] verdict on.

**MR. PILCHESKY:** They could have told the AG [they] didn't want to talk to him and he would have walked away. It is what it is. I'm tired.

**THE COURT:** Ladies, do you have anything to offer?

**MS. CHILIPKO:** Yes . . . . [W]e see this at [sic] another attempt to intimidate and bully us. I mean, he refers to us in these documents, and I don't know if this is common in the courts, [as] gullible, stupid, naïve, reckless, irresponsible, negligent and incompetent. You heard him call us ["]a rat.["]

I don't understand his point . . . . [I]f the Attorney General comes to your house and knocks on your door I don't believe I can just say to them, "I'm not going to talk to you."

They had the information. Joe Farkus waited outside my house four hours for me to come out of the house. Do you think I willingly got involved in this?

N.T., 4/15/21, at 3-14.

At the conclusion of the hearing, the trial court entered an Order and Memorandum dismissing Pilchesky's complaint. In so doing, the trial court opined that Pilchesky's action raising claims of "mental and emotional pain and suffering" was but an ironic cover for a continued campaign of intimidation that the court had previously ordered him to abandon:

- 9 -

> This is just another attempt by Pilchesky to bully and intimidate the witnesses against him in his criminal case. He is attempting to punish these people because they cooperated with the government and testified against him at his trial. Apparently, Pilchesky believed that he was free to reinstitute his Complaint against these Defendants once his two-year probationary term ended on or about January 2, 2021, since he initiated this action on January 5, 2021. Pilchesky is wrong. The Defendants are no less immune now than they were when the previous Complaint was dismissed on May 31, 2019. Pilchesky was admonished to leave these people alone. This litigation seeks only to punish these Defendants for cooperating with the prosecution and testifying in court. That is not the purpose of litigation. Litigation is meant to redress a civil wrong. Pilchesky's conviction resulted from his behavior despite his attempt to blame it on these Defendants. They are and will remain immune from liability.

Trial Court Order, 4/16/21, at 2.[3] This timely appeal followed.

Mr. Pilchesky's brief presents the following questions for our review:

> 1. Did the trial court err at law or abuse its discretion on procedural grounds in granting the Defendants' Motion to Dismiss?
>
> 2. Did the trial court err at law or abuse its discretion in granting the Defendants' Motion to Dismiss on its merits?
>
> 3. Did [the] trial court improperly ignore Pilchesky's Motion to Strike the Defendant's Motion to Dismiss?

*Pro se* Brief for Appellant, at 5.[4]

---

[3] We note the trial court's patience with and careful consideration of this *pro se* litigant's actions.

[4] Defendants/Appellees have elected to file no "Brief of Appellees" in the instant appeal.

We review an order granting a motion to dismiss for an abuse of discretion. **See Sigall v. Serrano**, 17 A.3d 946, 949 (Pa. Super. 2011). Our scope of review in such cases is plenary. **Id***.*

After careful review, we affirm the trial court's order to dismiss. Given both the protracted legal history between the parties and the trial court's prior order directing Pilchesky to abandon his meritless 2019 civil action, as recounted *supra*, the trial court acted in accordance with Pa.R.Civ.P. 126, "Liberal Construction and Application of Rules", when it accepted Defendants/Appellees' "Motion to Dismiss" as an appropriate response to Pilchesky's serial complaint. Specifically, Rule 126 provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.Civ.P. 126.

While Pilchesky technically withdrew the first iteration of his civil action in 2019, it cannot be ignored that he did so only after receiving the court's legally sound admonition followed by its order directing that he withdraw his action because controlling precedent barred the remedies he sought. It was reasonable, therefore, for the trial court in the present action to act in the interests of both justice and judicial economy by accepting Defendants/Appellees' motion to dismiss as an appropriate filing and granting to Pilchesky the opportunity to explain at the April 15, 2021, hearing why the

court should construe the second iteration of his civil action differently from the first.

As such, the lack of a formal answer or preliminary objections to Pilchesky's complaint did not prejudice him in any way, as his substantial rights to present a meaningful response addressing the issues before the trial court remained intact.

Accordingly, we find the trial court's abundant familiarity with the legal history between the parties placed it in the best position to assess that their respective filings in the instant action warranted the hearing that took place. Accordingly, we reject Pilchesky's issues relying on strictly procedural grounds to challenge the trial court's decision to conduct a hearing on Defendants/Appellees' motion to dismiss.

The remaining issue raised by Pilchesky consists of a bare assertion that the court erred at law or abused its discretion by granting the motion to dismiss on its merits. *See* Brief of Appellant, at 22. Appellant's deficient brief in this regard, however, precludes our review.

The Rules of Appellate Procedure set forth mandatory briefing requirements in Rules 2101 and 2111-2119. Germane to our analysis are the rules directing that a brief's argument section must develop claims through meaningful discussion supported by pertinent legal authority and citations to the record. Pa.R.A.P. 2111(a)(8); Pa.R.A.P. 2119. We may quash or dismiss an appeal for failure to comply with these briefing requirements. Pa.R.A.P.

2102; *see also Commonwealth v. Adams*, 882 A.2d 496, 497-498 (Pa. Super. 2005) (Superior Court may quash or dismiss appeals where non-conforming briefs have been filed). Moreover, "*pro se* status confers no special benefit upon the appellant." *Id.* at 498.

The defects in Pilchesky's brief with respect to his remaining issue are substantial in that the brief neither develops a cognizable argument regarding the merits of the trial court's order granting the motion to dismiss nor cites to relevant supporting legal authority or facts within the record. *See R.L.P. v. R.F.M.*, 110 A.3d 201, 208 (Pa. Super. 2015) ("arguments which are not appropriately developed are waived"). Most notably absent in this respect is that Pilchesky offers no legal argument contesting the trial court's determination that *Post* and *Clodgo* preclude his causes of action. Accordingly, Appellant has waived this claim.[5]

---

[5] Even if we were to address this claim on the merits, we would adopt the trial court's rationale that well-settled jurisprudence expressed in *Post* and *Clodgo*, as well as in *Greenberg*, immunizes Defendants/Appellees from Pilchesky's civil action.

We note, additionally, that Pilchesky's claims for civil damages appear to run counter to other established legal policies. The gist of the action doctrine, for example, precludes tort remedies arising solely from the terms of an alleged contract, *see*, *e.g.*, *Mirizio v. Joseph*, 4 A.3d 1073, 1080 (Pa. Super. 2010) (recognizing "a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.").

A contract-based theory of relief, however, would appear to serve Pilchesky no better, given the established principle recognizing that illegal contracts are

*(Footnote Continued Next Page)*

For the foregoing reasons, we dismiss Appellant's appeal as without merit and affirm the order entered below.

Order affirmed.

_____

not enforceable. Pilchesky's causes of action appear to depend upon an ostensibly illegal and, thus, unenforceable agreement that Defendants/Appellees would conceal his unlawful practice of law even if subpoenaed to testify to such at trial. As this Court has observed:

> "While it is imperative to enforce a contract between two parties, it is also well-settled law that a contract with an illegal term is void and unenforceable. *Fowler v. Scully*, 72 Pa. 456, 467 (1872). "[I]llegality is a traditional, generally applicable contract defense." *Epic Sys. Corp. v. Lewis*, ––– U.S. ––––, 138 S.Ct. 1612, 1645, 200 L.Ed.2d 889 (2018). Even in the civil context, "an agreement that cannot be performed without violating a statute is illegal and will not be enforced." *Rittenhouse v. Barclay White Inc.*, 425 Pa.Super. 501, 625 A.2d 1208, 1211 (1993) (citing *Dippel v. Brunozzi*, 365 Pa. 264, 74 A.2d 112 (1950) ).

*Commonwealth v. Tanner*, 205 A.3d 388, 399 (Pa. Super. 2019).

Similarly applicable to the case *sub judice* would be the defense of *in pari delicto*, which bars a plaintiff from recovering damages where the plaintiff was an active, voluntary participant in wrongful conduct or a wrongful transaction for which he seeks redress and the plaintiff was substantially, equally, or more responsible for the wrongful conduct than the defendant. *Official Committee of Unsecured Creditors of Allegheny Health Education & Research Foundation v. PriceWaterhouseCoopers, LLP*, 605 Pa. 269, 989 A.2d 313, 317, 328-29 (2010) (addressing applicability of *in pari delicto* to claims against auditors for assisting a corporate officer in falsifying the corporation's finances); *see also Joyce v. Erie Insurance Exchange*, 74 A.3d 157, 162-66 (Pa. Super. 2013) (action to recover restitution that plaintiff was ordered to pay in criminal case barred by *in pari delicto*); *Brickman Group, Ltd. v. CGU Insurance Co.*, 865 A.2d 918, 920, 923-26 (Pa. Super. 2004) (action for breach of illegal agreement to freeze insurance premiums barred by *in pari delicto*).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/24/2022